PARAN MOODY, APPELLANT, vs. WM. CAULK, RESPONDENT.

In an action for the conversion of ordinary merchantable property, the measure of damages is the value of the property at the time of the unlawful conversion, with interest to the time of the verdict.

Appeal from the Circuit Court, Fourth Judicial Circuit, Duval county.

This was an action of trover brought in 1867, to recover damages for the conversion of a quantity of logs belonging

to plaintiff, of the value of $1000, alleged to have been converted by defendant on the first of October, 1864. Defendant pleaded not guilty. Afterwards plaintiff amended his declaration by adding a count for money had and received, upon which issue was joined. It was shown that plaintiff secured certain rafts in a lake in 1861, and they were taken away in 1864. Plaintiff's counsel inquired of B. Thebaut, a witness, what has been the value of logs in this market from 1865 to the present time? This question was objectiod to, the objection everruled by the court, and exception taken by defendant. The witness answered the question and the testimony was submitted to the jury.

The court charged the jury upon the question of damages as follows:

" Should you find for the plaintiff, you are allowed to value the logs at the highest valuation of logs from the time of conversion to the present time."

At the request of plaintiff's counsel, the judge charged as follows: " If you find for plaintiff under the trover count, you may fix the value of the logs at the highest price that they were from the time of conversion till this date, as shown by the evidence, and interest thereon." Excepted to by defendant's counsel.

The jury returned a verdict for plaintiff and assessed his damages at $1200; whereupon defendant moved for a new trial, which was denied, and defendant appealed.

*Fleming & Daniel* for Appellant.

*J. P. Sanderson* for Respondent.

RANDALL, C. J., delivered the opinion of the court.

There is but a single question raised by the assignment of errors which it seems necessary to notice, and that is, whether the court erred in the rule given to the jury for estimating the damages in case they found a verdict for plaintiff under the count for the conversion.

In that respect the court committed an error.

In the case of Robinson vs. Hartridge (13 Fla., 501, 515,) it was held that in a case of this character, the rule of estimating damages is to take the value of the goods at the time and place of conversion, and compute lawful interest thereon to the date of the verdict.

Sedgwick on the Measure of Damages, 481, says:

"I have had occasion to notice the claim of damages for the use of property which has been sold and the price paid, between the time when the cause of action accrued and that of the trial, and the analogous question where the use of the property is withheld, and we have seen that different rules have been prescribed by different tribunals. The same analogies should govern in trover; and it appears to me that on principle, unless the plaintiff has been deprived of some particular use of his property, of which the other party was apprized, the rights of the parties are fixed at the time of the illegal act, be it the refusal to deliver or actual conversion, and that the damages should be estimated at that time."

This language of Mr. Sedgwick is approved in Arrowsmith vs. Gordon, 3 La. Ann. Rep., 487. The former was an action for the conversion of cotton. The rule fluctuates in some of the States, and in some the established rule differs from that in other States. Mr. Sedgwick has collated and examined the various decisions, and we can but agree with his conclusion upon principle, and we think that in actions for conversion where the subject of the action is ordinary merchandize, and like property which is the subject of traffic, or perishable property, the value at the time of the unauthorized act, with interest, is the proper measure of damages. In the case of public stocks held as an investment, of rare pictures, jewels and like articles, held otherwise than for purposes of immediate commerce, it would be equitable and proper that the highest value after conversion should prevail, if the jury should be satisfied from the evidence that

the plaintiff would have held the property up to the time of the advance in value; for the defendant should make good the actual loss sustained by reason of his act. But this suggestion is probably not applicable to the present case. Judging from the testimony and the whole record, the jury found their verdict under the count for conversion, and in accordance with the rule laid down in the charge of the court.

The judgment must be reversed and a new trial granted.