J. C. WINEBRENNER, Appellee, v. BRUNSWICK-BALKE-COLLENDER COMPANY, Appellant.

Sale: EVIDENCE: INSTRUCTIONS: APPEAL.

*Appeal from Marshall District Court.*—HON. S. M. WEAVER, Judge.

FRIDAY, FEBRUARY 6, 1891.

ACTION at law to recover for property purchased by the plaintiff of the defendant, and never delivered. There was a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*J. M. Parker*, for appellant.

*J. L. Carney*, for appellee.

BECK, C. J.—I. The petition is in two counts. The first alleges that the plaintiff bought of the defendant certain property used as bar fixtures, described in the petition; that he paid for the property, and that no part of it was delivered to him. The second count alleges the purchase and non-delivery of the same property specified in the first count, and that the defendant delivered to the plaintiff other property intended for the same use, of inferior quality, to be retained by the plaintiff until the property purchased could be obtained by the defendant and delivered to the plaintiff; that, subsequently, when the plaintiff was in jail for an offense against the laws, the defendant induced him to sign a paper authorizing the defendant to take possession of the property in order to protect it from seizure for violation of the statute against the sale of intoxicating liquors, and for rent; that the defendant agreed to reimburse the plaintiff for the money and property he had paid for the bar fixtures, and that under this agreement the property went into the possession of the defendant. That defendant, in its answer, alleges that the defendant sold and delivered to the plaintiff certain specified property, being billiard tables and billiard saloon fixtures; that, after using the property for a time, the plaintiff, upon an agreement of the parties, returned and exchanged it for property of the character described in the plaintiff's petition, being bar furniture and fixtures. Afterwards the plaintiff, being in jail and unable to meet his notes given for the property, and the defendant being about to foreclose a mortgage securing them, agreed with the defendant that the bar fixtures, the last property furnished by the defendant, should be returned to it and the plaintiff's notes outstanding should be canceled, and that to carry out the contract the plaintiff executed to the defendant a bill of sale transferring the property to the plaintiff. The plaintiff replied to this answer, denying the agreement and settlement, as pleaded by the

defendant, and alleging that the money paid by him was to be refunded. He admits the execution of the bill of sale, but alleges that it was obtained by false and fraudulent representations, and was intended only to authorize the defendant to take possession of the property temporarily, until the plaintiff should be discharged from jail. This brief statement of rather prolix pleadings, which are deficient in clearness, sufficiently presents the issues in the case to make intelligible the points discussed in the opinion.

II. We shall notice the objections to the judgment, so far as they are argued, in the order of their presentation in the assignment of errors.

III. The plaintiff introduced a letter written by the defendant to McElroy, giving a statement of the transactions between the parties. The defendant objected to the introduction on the ground that it was a proposition for settlement, and a private communication between a principal and an agent. It is not shown by the letter itself, or otherwise, that it was intended as a proposition for settlement, or that it was intended to be regarded as a private communication. The letter cont·ins a statement of facts as claimed by the defendant.

IV. The district court, in stating the pleadings, informed the jury that the " plaintiff denies all matters and things set up in defendant's answer." It is insisted that " the matter in the answer cannot be denied in the reply." Surely, if new matter is pleaded in the answer, it may be admitted, or facts pleaded as a defense thereto, and its effect thus denied, It is further insisted as an objection to the instruction that " the reply admits and confesses the allegations of the answer, and seeks to avoid them by new matter." We know of no reason why a reply may not, in a proper form, probably in separate counts, both deny the allegation of new matter in the answer, and admit and avoid it. But, if the reply is faulty in form or in substance, it ought to have been assailed in the proper way in the court below. But this was not done. It cannot be first assailed here. The evidence sufficiently supports the verdict.

V. Under familiar rules prevailing here, we cannot con·ider objections which are assign·d for errors and not argued, nor objections which are argued and not covered by the assignment of errors. A careful consideration of the argument and assignment of errors discloses the fact that all other alleged errors in the case are not covered by both the argument and assignment of errors.

In our opinion the judgment of the district court ought to be AFFIRMED.