J. B. PEACOCK AND C. H. HARGRAVES, COPARTNERS DOING BUSINESS UNDER THE FIRM NAME OF PEACOCK & HARGRAVES, PLAINTIFFS IN ERROR, v. SUE D. FEASTER, DEFENDANT IN ERROR.

| 51 | 269 |
| f51 | 376 |

| 51 | 269 |
| 52 | 178 |
| 52 | 433 |

| 51 | 269 |
| 53 | 428 |

| 51 | 269 |
| 60 | 94 |

1. A declaration in an action of trover alleging that the conversion took place "on the ......day of March, 1904," is not open to attack by demurrer by reason of the day of the month being left blank, and where the declaration in other respects follows the statutory form a demurrer thereto is properly overruled.

2. In this State special demurrers in common law actions have been abolished by statute.

3. It is too late, after a plea to the merits, for the defendants to demand a bill of particulars.

4. Our statutes permitting amendments of pleadings are very liberal, but the matter of allowing or refusing such amendments must rest largely within the sound judicial discretion of the trial court, as that court must determine whether or not the amendment asked for is "necessary for the purpose of determining in the existing suit the real question in controversy between the parties," and whether or not it has been "duly applied for," and an appellate court will not disturb the ruling of the trial court either

19 S. C.

in granting or in denying such application, unless it is plainly made to appear that there has been an abuse of this judicial discretion.

5. Where there is more than one defendant in an action of trover, one or more defendants may be acquitted and a verdict and judgment taken against the others, the verdict and judgment being shaped so as to hold liable those only who are shown by the evidence to have been guilty of conversion.

6. In an action of trover against two defendants as copartners, under a plea of not guilty interposed by both defendants either defendant has the right to introduce any competent evidence at the trial tending to show his non-liability.

7. Special or additional pleas amounting only to the general issue are properly stricken out on motion.

8. The denial of a motion for a continuance by the trial court will not be reversed by an appellate court, unless a palpable abuse of judicial discretion is clearly and affirmatively shown by the record.

9. In an action of trover where the trespasser is an unintentional or innocently mistaken one, there should not be any deduction in nis favor from the value of the property at the time and place of conversion for the cost of any value—enhancing labor bestowed thereon *anterior t*o the time that the conversion becomes complete by actual removal from the owner's possession.

This case was decided by Division A.

Writ of Error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the Court.

*Wm. Hocker* and *R. B. Bullock,* for Plaintiffs in Error.

*R. L. Anderson* and *R. A. Burford,* for Defendant in Error.

SHACKLEFORD, C. J.   This is an action of trover in-
stituted by the defendant in error against the plaintiffs
in error in the Circuit Court for Marion county.   Trial
was had which resulted in a verdict and judgment for
the defendant in error in the sum of $3056.92 damages
and $40.00 costs.   Plaintiffs in error seek a reversal here
by writ of error, assigning forty-four errors.   We see no
useful purpose to be accomplished by discussing these
assignments in detail, though we have given careful con-
sideration to all that are argued here.

The 38th assignment is based upon the overruling by
the court of the demurrer interposed to the declaration.
The principal attack made upon the declaration is that
the exact date of the  alleged conversion is not  given
therein, it being recited  as having  taken place  "on
the ——— day of March, 1904."   Suffice it to say that no
error was committed here, as we fail to see wherein the
plaintiffs in error were harmed in any way by the day of
the month being left blank.   In other respects the decla-
ration substantially followed the statutory form.   See
Leon v. Kerrison, 47 Fla. 178, 36 South. Rep. 173.   No
motion was made for a bill of particulars, except at a
later stage, as stated below, or for a compulsory amend-
ment, as provided in section 1043 of the Revised Statutes
of 1892.   Special demurrers are abolished in this State
by section 1040 of the Revised Statutes of 1892.   See
Camp & Bros. v Hall, 39 Fla. 535, 22 South. Rep. 792;
State ex rel. Kittle v. Jennings, 47 Fla. 307, 35 South.
Rep. 986.   Moreover, when the case was called for trial
on the 6th day of May, 1905, one of the plaintiffs in error
moved the court that the defendant in error be required
to "furnish him with a specification of the dates of the
alleged acts of  conversion and the  quality and  kind
thereof," in response to which the  defendant in  error,

though insisting that the motion was made too late, without any order of court thereon, stated that "she intends to prove conversion between the dates of 27th of November, 1902, and March 31st, 1904." See Waterman v. Mattair, 5 Fla. 211; Mathis v. State, 45 Fla. 46, 34 South. Rep. 287.

The 39th and 40th assignments are as follows:

"39. That the Court erred in its order of 22nd of May, 1905, wherein it struck out the plea of defendant, Charles H. Hargraves, filed in this cause on the 6th day of May, 1905."

"40. That the court erred in its order of 22nd day of May, wherein it ordered that the plea of J. B. Peacock, filed on the 6th day of May, 1905, be stricken."

The transcript discloses the following facts: On the 6th day of February, 1905, Charles H. Hargraves, on behalf of both himself and his co-defendant, filed a plea of not guilty, upon which plea issue was joined by the plaintiff on the 7th day of February, 1905. On the 6th day of May, 1905, after the case had been called for trial, a jury impanelled and one witness examined, C. H. Hargraves, one of the defendants, moved the court for leave to file an additional plea to the effect that the co-partnership existing between him and his co-defendant, J. B. Peacock, had been dissolved prior to the commission of the alleged acts of trover, said motion being supported by the affidavit of the attorney for the defendants. The trial court made an order allowing the plea to be filed, on conditions, and also discharging the jury and allowing the plaintiff "five days to join issue or reply to the said pleas or amend the declaration as they see fit."

On the 22nd day of May, 1905, the plaintiff filed a motion to vacate the order allowing the plea to be filed, con-

taining six grounds, which motion was granted by the court.

On the same day the defendant, J. B. Peacock, filed a plea to the effect that he was not guilty, and on the same day the plaintiff filed a motion to strike the same, which the court granted.

As we said in Supreme Lodge Knights of Pythias v. Lipscomb, 50 Fla. 406, 39 South. Rep. 637, "Our statutes permitting amendments of pleadings are very liberal, but the matter of allowing or refusing such amendments must rest largely within the sound judicial discretion of the trial court, as that court must determine whether or not the amendment asked for is 'necessary for the purpose of determining in the existing suit the real question in controversy between the parties,' and whether or not it has been 'duly applied for,' and an appellate court will not disturb the ruling of the trial court either in granting or in denying such application, unless it is plainly made to appear that there has been an abuse of this judicial discretion." Also see the authorities cited therein.

It is well settled that "where there is more than one defendant in an action of trover, one or more defendants may be acquitted and a verdict and judgment taken aganst the others, the verdict and judgment being shaped so as to hold liable those only who are shown by the evidence to have been guilty of conversion." 21 Ency. Pl. & Pr. 1124; Dicey's Parties to Actions, Rule 98, marginal page 431. It would seem clear that under the plea of not guilty interposed by the defendants on the 6th day of February, 1905, either defendant could have introduced any competent evidence at the trial tending to show his non-liability, and that the other pleas filed by them were unnecessary, even if in proper form. See Marx Bros. v. Culpepper & Dupont, 40 Fla. 322, 24

South. Rep. 59. It was entirely proper then for the trial court to strike out these special pleas. See Little v. Bradley, 43 Fla. 402, 31 South. Rep. 342, and authorities there cited; the Cons. Elec. L. & St. R. R. Co. v. Pryor, 44 Fla. 354, 32 South. Rep. 797.

The 41st assignment is "That the court erred in its order of 22nd day of May, 1905, wherein it refused to allow a stay of proceedings in this cause."

The only argument made in behalf of this assignment is "that the facts and circumstances set up in this petition (for a stay of proceedings) should certainly have appealed to the court in considering the defendants' motion for a continuance," admitting that both motions were addressed to the sound discretion of the court. This denial of the motion for a continuance forms the basis for the 23rd assignment. We have carefully considered both of these assignments and failed to find where any abuse of judicial discretion was shown. The moton for a continuance was based upon the absence of J. B. Peacock, one of the defendants. See Supreme Lodge Knights of Pythias v. Lipscomb, *supra,* and authorities therein cited especially Reynolds v. Smith, 49 Fla. 217, 38 South. Rep. 903.

All the other assignments are based upon the admission or rejection of certain evidence and the giving or refusal of certain charges, except the assignment based upon the denial of the motion for a new trial and the assignment to the effect that the verdict is contrary to law. We have given these assignments a careful examination and have failed to find any resersible error therein. The motion for a new trial contains no attack upon the verdict, and we are confined therefore to the action of the court. The court gave the defendants the benefit that attaches to bona fides and was governed throughout the trial by

the decision of this court in Wright v. Skinner, 34 Fla. 453, 16 South. Rep. 335, which decision the court as now constituted approves.

The errors if any on the admission of testimony were cured by the answers of both defendants on the interrogatories propounded to them under the statute.

Finding no reversible error, the case must be affirmed, and it is so ordered, at the cost of the plaintiffs in error.

COCKRELL and WHITFIELD, JJ., concur.

TAYLOR, P. J., and PARKHILL, J., concur in the opinion.

HOCKER, J., disqualified.