QUITMAN NAVAL STORES COMPANY, A CORPORATION, *et al.,* *Plaintiffs in Error,* v. J. J. CONWAY, *Defendant in Error.*

1. Crude turpentine that is collected in cavities or boxes cut in the pine trees which supply it, is personal property for the unlawful conversion of which trover may be maintained.

2. Where crude turpentine is unlawfully but not wilfully taken from boxes cut in pine trees, the measure of recovery in trover is the value of the crude turpentine at the time of conversion with interest; and the conversion takes place when the product is unlawfully taken from the boxes or other receptacles on the trees.

3. In an action of trover to recover damages for the unlawful but not wilful conversion of crude turpentine by taking it from the trees that produce it, a judgment for a conversion of crude turpentine of a stated value *in spirits of turpentine and rosin* with interest is erroneous, since the proper measure of damages is the value of the crude turpentine at the time of conversion with interest.

Writ of error to the Circuit Court for Madison County.

The facts in the case are stated in the opinion of the court.

*Davis & Whitnell,* for Plaintiff in Error;

*Hendry & McKinnon,* for Defendant in Error.

WHITFIELD, C. J.—An action of trover was brought in May, 1911, by Conway to recover damages for the alleged unlawful conversion on January 1st, 1911, of sixty barrels of crude turpentine taken from pine trees on lands claimed by the plaintiff. The case was tried before a referee who gave judgment for a conversion of "25 barrels of crude turpentine ———————— of the value in spirits of turpentine and rosin of $375.00" with interest. On writ of error the defendants below contend, among other matters, that the proper measure of damages was not applied.

Crude turpentine that is collected in cavities or boxes

cut in the pine trees which supply it is personal property for the unlawful conversion of which trover may be maintained. Melrose Mfg. Co. v. Kennedy, 59 Fla. 312, 51 South. Rep. 595; 38 Cyc. 2016.

In an action of trover the owner may recover the value of his personal chattels that have been wrongfully converted by another to his own use. Where there is a taking of chattels with intent to exercise over them an ownership inconsistent with the real owner's right of possession, there is a conversion. Any act of a person in asserting a right of dominion over chattels which is inconsistent with the right of the owner, may amount in law to a conversion. 9 Bacon's Abr. 629; 21 Ency. Pl. & Pr. 1012. For definitions of conversion see Fouldes v. Willoughby, 8 M. & W. (Exch.) pp. 538, 546, 547 and 549; 2 Words & Phrases, 1562 *et seq.;* Trustees v. Int. Paper Co., 132 Fed 92.

The common law forms of action have not been abolished but are recognized and used in this State; and when a particular action is brought the parties are held to the legal consequences of the action. The actions of trespass and replevin have their peculiar purposes and results in redressing wrongs relating to property. Trover is used to recover the value of chattels unlawfully converted to another's use. In this action the trespass preceding or attending the conversion is disregarded, and the object is the recovery of the value of the chattel at the time and place of its conversion. Where trees are unlawfully but not wilfully cut, and the cut timber, a chattel, is converted, the measure of recovery in trover is the value of the timber at the time of conversion, with interest; and this conversion takes place when the trespasser at the place where it lay when the tree is cut or elsewhere

assumes dominion over the timber that is inconsistent with the rights of the true owner. See White v. Yawkey, 108 Ala. 270, 19 South. Rep. 360, 54 Am. St. Rep. 159, 32 L. R. A. 199; Beede v. Pamprey, 64 N. H. 510, 15 Atl. Rep. 133, 10 Am. St. Rep. 426; 38 Cyc. 2099. This view is not inconsistent with the decision on the facts in the cases of Moody v. Caulk, 14 Fla. 50; Skinner v. Pinney, 19 Fla. 42; Wright v. Skinner, 34 Fla. 453, 16 South. Rep. 335; Peacock v. Feaster, 51 Fla. 269, 40 South. Rep. 74; Robinson v. Hartridge, 13 Fla. 501.

In this case the crude turpentine was hauled about 3 miles and made into spirits and rosin by the defendants. The trees were cut without knowledge of a trespass, but the defendants knew of the plaintiff's claim before the product was removed from the land, and suggested a settlement.

The judgment is for a conversion of 25 barrels of "crude turpentine ———————— of the value in spirits of turpentine and rosin of $375.00 with interest." The conversion was of crude turpentine, and the recovery should be its value at the time and place of conversion with interest. It was converted when it was unlawfully taken from the boxes of the trees on the plaintiff's land. There is in the record no evidence of the value of the crude turpentine at the time and place of its conversion. The evidence is that "one barrel of crude turpentine would yield spirits and rosin to the value of about $15.00 gross," and that "it would cost in the neighborhood of $3.50 per barrel, crude turpentine" to haul it "about three miles and manufacture same into spirits and rosin."

The damages awarded do not appear to be justified by the facts of the case, as there is no evidence that the amount of the judgment is the value of the crude turpen-

tine at the time and place of its conversion when it was taken from the trees on the plaintiff's land.

The judgment is reversed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.