[No. 11094.   *En Banc.*   November 1, 1913.]

F. KERR FFOLLIOTT, *Respondent*, v. W. H. LORD *et al.*,
*Appellants.*[1]

APPEAL—REVIEW—HARMLESS ERROR—EXCLUSION OF EVIDENCE.   Upon an issue as to whether a contract for the rental of tools required the payment of rent for each day that they were in defendants' possession, amounting to $974, as claimed by plaintiff, or only for the days that they were used, amounting to $215, as claimed by defendants, the exclusion of defendants' offered evidence tending to show the improbability of plaintiff's claim is harmless error, where the verdict of the jury did not allow rent for each day that they were in defendants' possession, as claimed by the plaintiff, but was for only $500 (CROW, C. J., GOSE, and CHADWICK, JJ., dissenting).

[1]Reported in 136 Pac. 126.

TRIAL—MISCONDUCT OF JUDGE—COMMENT ON FACTS.  A remark made by the trial judge to counsel, to the effect that there was a "meeting of the minds," is not prejudicial, as unlawful comment upon the evidence upon an issue where the record shows that it did not relate to that issue.

Appeal from a judgment of the superior court for King county, Everett Smith, J., entered October 28, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.  Affirmed.

*Bell & McNeil*, for appellants.
*Williams & Price*, for respondent.

PARKER, J.—The plaintiff commenced this action seeking recovery of the sum of $974 from the defendants, for the use of certain dirt moving cars and railway track, rented by him to them at an agreed rental of 25 cents per day for each car, and 25 cents per day for each 100 feet of track.  A trial before the court and a jury resulted in verdict and judgment in favor of the plaintiff for $500, from which the defendants have appealed.

There was no controversy upon the trial as to the agreed amount per day appellants were to pay respondent for the cars and track.  The main controversy, so far as the questions here involved are concerned, was as to whether the contract was that appellant should pay the agreed per diem rate for the whole time the cars and track were in their possession, or only for the time the cars and track were used by them.  There was also some controversy as to the number of days the cars and track were used.  Respondent claims there was due him $974, upon the theory that the contract by its terms entitled him to compensation at the agreed per diem rate for the whole time the cars and track were in appellants' possession; while appellants claim that there was due respondent the sum of $215 only, which they tendered before trial, upon the theory that that sum was the full amount due, computed upon the number of days the cars and track were used, and

that the contract did not require them to pay for any other time, even though the cars and track were in their possession.

Appellants seek a new trial upon the ground that the trial court erred in rejecting certain offers of evidence made in their behalf. The nature of the evidence so offered, the purpose thereof, and counsel's claim of error in its rejection by the court, are stated in their brief as follows:

"By way of circumstantial evidence and for the purpose of showing the unreasonableness of the respondent's contentions and for the purpose of showing the improbability of appellants ever having entered into any such agreement as set forth by the respondent, and for the purpose of discrediting the testimony of the respondent, the appellants sought to introduce evidence for the purpose of showing that the dirt in question could have been moved in other ways at a much less cost than contemplated by the alleged agreement set forth by the respondent, and further to show that the cars and track in question could have been purchased outright for a sum not in excess of the amount asked as rental. The court below refused to admit the testimony for either of these purposes, to which refusal the appellants duly excepted."

This has reference to respondent's claim for $974, made upon the theory that, by the terms of the contract, he is entitled to compensation at the agreed per diem rate for the whole time the cars and track remained in appellants' possession. Counsel for appellants rest their claim of error in the rejection of this evidence upon the general rule that, in controversies where an express agreement is alleged on the one side and denied on the other, it is relevant to put in evidence any circumstance tending to make the existence of the fact as claimed by either side more or less probable. *Robertson v. O'Neill*, 67 Wash. 121, 120 Pac. 884; 9 Cyc. 767.

It may well be argued, as has been done by counsel for respondent, that this offered evidence is too remote from the main issue and too liable to mislead to render it admissible here under the rule invoked; for collateral facts, though in some degree logically relevant, may be excluded because of

their meager probative force or because of their tendency to obscure the main issue in a maze of collateral inquiries. 1 Greenleaf, Evidence (16th ed.), § 14a; 16 Cyc. 1112. However, we need not pursue this inquiry further, since we are of the opinion that the rejection of this offered evidence was in no event prejudicial to the rights of appellants.

We have noticed that the jury found for the respondent in the sum of $500 only, which was but little more than one-half the $974 claimed by him upon the theory that he was entitled under the contract to pay for all of the time the cars and track were in appellants' possession. It is manifest that this offer of proof was not made merely to show the improbability of the contract being for an agreed per diem rate for every day the cars and track were in possession of appellants, but it was for the purpose of showing the improbability of the contract being such as to entitle respondent to recover the large sum of $974 upon the theory that he was entitled to compensation for every day the cars and track remained in appellants' possession. It is apparent, from what was manifestly in contemplation by the parties at the time of the making of the contract, that the probative force of this offered evidence would have been too slight to render its exclusion reversible error, had there been nothing involved but the naked question of whether the contract in fact included a stipulation that the per diem rate should be operative every day the cars and track remained in appellant's possession. This is true because it is conclusively shown by the evidence that, when the contract was made, the parties did not contemplate that the rental period would be longer than about six weeks, though no specific time was agreed upon, and that in no event would more than about $300 be likely to become due thereon. It seems plain to us that, had respondent not claimed this large sum, this evidence offered by appellants of collateral facts might have been properly excluded because of its almost infinitesimal probative force as tending to prove the improbability of such a stipulation being in the contract; and, since

the jury manifestly rejected the $974 claim of respondent made upon that theory, the exclusion by the court of the evidence offered to counteract such theory did not work to the prejudice of appellants, and, therefore did not constitute reversible error.

Some contention is made that the trial court committed prejudicial error when, in ruling upon this offered evidence, it made the remark relative to the contract, that "there was a meeting of the minds." This, it is insisted, was a prejudicial comment upon the evidence. A reading of the record showing the connection in which this remark was made, we think, renders it plain that the court was referring to the fact that there was a meeting of the minds as to the per diem rate to be paid, and had no reference to the question of whether such rate was chargeable only for the days the cars and track were in use or for all of the days they were in appellants' possession. This remark was not addressed to the jury, but to counsel while the court was giving its reasons in ruling upon the offer of evidence. We are of the opinion that this was not prejudicial error.

The judgment is affirmed.

MOUNT and FULLERTON, JJ., concur.

MAIN and ELLIS, JJ., concur in the result.

GOSE, J. (dissenting)—I think the evidence offered was admissible and that its exclusion was error within the rule announced in *Robertson v. O'Neill, supra,* and the authorities there reviewed. I therefore dissent.

CROW, C. J., and CHADWICK, J., concur with GOSE, J.