LOWNDES SHAW AND J. C. STOCKSTILL AS CO-PARTNERS UN-
DER THE FIRM NAME OF SHAW & STOCKSTILL, *Plaintiffs
in Error*, v. DUDLEY R. SAUNDERS, RICHARD B. SAUNDERS,
AUBREY B. SANDERS, MARY S. BLOUNT AND CLEMENT
BLOUNT, HER HUSBAND, *Defendants in Error*.

## Opinion Filed May 26, 1920.

1.  In an action of trover for the conversion of gum and scrape
    taken from pine trees upon lands of others the rule for as-
    sessing the damages recoverable against the defendant is:
    (1) Where they are wilful trespassers the full value of the
    property at the time and place of demand, or of suit brought,
    with no deduction for defendant's labor and expense bestowed
    thereon; (2) where they are unintentional or mistaken tres-
    passers the value of the property at the time and place of its
    first conversion.

2.  In an action of trover for trespass and conversion of certain
    described personal property a charge to the jury limiting the
    amount recoverable by plaintiffs in such action to the actual
    value of the property so taken, at the time and place of its
    conversion, is equivalent to a charge that the plaintiffs could
    not recover the amount which might be recoverable by them
    if the trespass had been wilful.

3.  Where there is more than one defendant in an action of trover
    one or more defendants may be acquitted and a verdict and
    judgment taken against the others, the verdict and judgment
    being shaped so as to hold liable those only who are shown
    by the evidence to have been guilty of conversion.

4.  In an action of trover against two defendants as co-partners
    under a plea of not guilty interposed by both defendants either
    defendant has the right to introduce any competent evidence
    at the trial tending to show his non-liability.

5.  In an action of trover against two individuals as co-partners
    where, upon the trial, it develops that the principal question
    involved is whether the defendants were in fact partners at

the time of the alleged conversion, a letter written by one of such defendants, who seeks to escape liability, in such action, to a third party containing statements amounting to an admission of the existence of such partnership at the time of the conversion is competent evidence.

A Writ of Error to the Circuit Court for Calhoun County, C. L. Wilson, Judge.

Judgment affirmed.

*James H. Finch*, for Plaintiffs in Error;

*John H. Carter*, for Defendants in Error.

WEST, J.—In an action of trespass and trover there was a verdict for plaintiffs and defendants took writ of error.

The declaration contains three counts. In the first count it is alleged that the defendants did, in the years 1917 and 1918, unlawfully enter upon certain described lands of plaintiffs and did cut up said lands, make and use roads thereon for hauling heavy loads, and cut, box and scrape the standing timber on the same and remove therefrom large quantities of crude gum to the permanent injury of said property. The second count is for the conversion of a number of barrels of crude turpentine, gum and scrape of the property of the plaintiffs. The third count alleges a wilful trespass by defendants upon the lands described, with the conversion of large quantities of spirits of turpentine and rosin of the property of the plaintiffs.

There were pleas of (1) not guilty and (2) denying plaintiffs' ownership or possession of the lands described in the declaration at the time of the alleged trespass.

At the trial defendants admitted plaintiff's title to the lands and in the charge of the court it is stated that counsel for defendants in making his statement to the jury admitted that there had been a trespass upon the lands by one of the defendants. There was an affirmative charge for plaintiffs, but the question of the assessment of the amount of damages sustained by them was submitted to the jury. Upon the question of the amount of damages recoverable by plaintiffs for the conversion of their property as alleged in the declaration the jury was limited by instructions from the court to the actual value of the crude gum and scrape taken by defendants at the time and place where it was taken. This was equivalent to a charge that the plaintiffs could not recover under the third count of their declaration wherein the trespass and conversion were alleged to have been wilful, which allegation, if proved, would have entitled the plaintiffs to recover the value, not of the crude gum and spirits at the time and place of conversion, but of the manufactured product, namely, the spirits of turpentine and rosin produced from such crude gum and scrape. Wright v. Skinner, 34 Fla. 453, 16 South. Rep. 335; Peacock et al. v. Feaster, 51 Fla. 269, 40 South. Rep. 74.

The brief of counsel for defendants in this court contains the following statement: "When the case was submitted to the jury, it remained only for the jury to determine (1) The amount of damage properly recoverable; and (2) Whether the defendant J. C. Stockstill, individually, or the defendants, Stockstill & Shaw, as co-partners, were liable." It is admitted in the brief that the evidence "is sufficient to sustain the amount of damages found against Stockstill, so far as he individually

is concerned," and there is no contention that the judgment should be reversed as to him. It is also stated in the brief that the single contention of importance made in the case is "that the judgment should have been rendered against J. C. Stockstill only, and not against Shaw & Stockstill, as co-partners." The case is, therefore, in small compass. In Peacock et al. v. Feaster, *supra*, it was said that "where there is more than one defendant in an action of trover, one or more defendants may be acquitted and a verdict and judgment taken against the others, the verdict and judgment being shaped so as to hold liable those only who are shown by the evidence to have been guilty of conversion." That was an action of trover in which certain named defendants were sued as partners and it was held that under the plea of not guilty interposed by them either defendant could have introduced any competent evidence at the trial tending to show his non-liability. The question therefore of the partnership of the defendants may be properly considered, although there was no plea interposed by them or either of them expressly denying the existence of such partnership. This being a question of fact it was properly submitted to the jury, but the jury was fully and correctly instructed to the effect that before a recovey in favor of plaintiffs and against defendants as partners would be authorized it was incumbent upon plaintiffs to show by a preponderance of the evidence that such partnership in fact existed and that if it should be found that defendants were not partners at the time of the trespass the verdict should be against the defendant Stockstill only. So that finally we come to the question of whether there is any substantial evidence in the record to support the finding by the jury that the defendants

were partners at the time of the trespass and conversion of plaintiffs' property. It is admitted that prior to this time the defendants were partners, but the defendant Stockstill testified at the trial that the partnership had been dissolved and the relation of defendants as partners terminated prior to the time of the trespass. There is evidence tending to contradict this statement, the principal part of which is a letter written to another than plaintiffs by the defendant Shaw relating to the partnership affairs during the latter part of the year in which the trespass was committed, which contains statements amounting to an admission that the partnership had not at that time been dissolved and was still in existence. This letter, after the signature thereto of the defendant Shaw had been proved, was offered in evidence in rebuttal by plaintiffs, but its admission was objected to by defendants on the ground that it was not addressed to plaintiffs, or any of them; that it was not shown to have been received in due course of mail, and was not shown to be relevant to the matter in controversy. And the contention here is that the reception of this letter in evidence is reversible error. This contention can not be sustained. The letter is certainly relevant testimony on the point which is admitted to be the decisive question in the case. Its genuineness is not questioned. It is an admission against interest and clearly competent as evidence on behalf of plaintiffs to prove the fact of the partnership of defendants to the same effect that an oral statement of the defendant making it to a stranger to the litigation would have been. 16 Cyc. 945; 17 Cyc. 406; Winebrenner v. Brunswick-Balke-Collender Co., 82 Ia. 741, 47 N. W. Rep. 1089; Downey et al. v. Taylor et al. (Tex. Cv. App.) 48 S. W. Rep. 541; Lewis Pub. Co.

v. Lenz, 83 N. Y. Supp. 841; Adams v. Eatherly Hdwe. Co., 78 Ga. 485, 3 S. E. Rep. 430; Furry et al. v. O'Connor et al., 1 Ind. App. 573, 28 N. E. Rep. 103; Beecher v. Pettee, 40 Mich. 181; Lyle v. Higginbotham (Va.) 10 Leigh 67.

It follows therefore that the judgment must be affirmed. BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.