WEST, J., concurs.

---

WEST YELLOW PINE COMPANY, *Plaintiff in Error,* v. M. STEPHENS, *Defendant in Error.*

## Opinion Filed July 15, 1920.

1. It is not error for the trial court in a suit for conversion of logs to permit plaintiff over objection of defendant to ask on direct examination as to what the market price of standing timber was at the time of the alleged conversion, and especially where it is shown that the questions and answers immediately following tend to indicate what the value of the logs made from the said standing timber would be *at the time of conversion.*

2. Where trees are unlawfully but not wilfully cut, and the cut timber, a chattel, is converted, the measure of recovery in trover is the value of the timber at the time and place of conversion, with interest, and there should be no deductions for labor performed upon the timber anterior to the time that the conversion was consummated by actual removal from owner's land.

3. Where there is a taking of chattels with intent to exercise over them an ownership inconsistent with the real owner's right of possession, there is a conversion.

4. The essential elements of a conversion is a wrongful deprivation of property to the owner; neither manucaption nor asportation is an essential element thereof.

A Writ of Error to the Circuit Court for Madison County; M. F. Horne, Judge.

Judgment affirmed.

*R. H. Rowe,* for Plaintiff in Error;

*Chas. E. Davis,* for Defendant in Error.

ANDREWS, Circuit Judge.—M. Stephens, plaintiff in lower court, defendant in error here, sued the West Yellow Pine Company, plaintiff in error here, in two counts:

First, for the wrongful conversion of lumber of the value of three hundred dollars; and

Second, for the wrongful conversion of eight hundred thirty-six sticks of pine timber of the value of three hundred dollars.

The defendant below filed five pleas to the declaration: First, not guilty;

Second, that the property was not that of plaintiff;

Third, that the plaintiff was not the owner in possession of the property;

Fourth, that the defendant did not deprive plaintiff of the use and possession of his property; and

Fifth, that no part of the property belonged to plaintiff, nor was he in the use or possession thereof.

Issue was joined on the above pleas, and at the trial the jury were instructed not to find for the plaintiff under the first count, that is for the conversion of the lumber, but to confine their deliberations to the evidence as applicable to the second count, that is for the conversion of logs. The jury found a verdict for the plaintiff; a motion for new trial was denied, and the case is here for review upon writ of error.

The first assignment of error is based upon the overruling of defendant's objection to the following question propounded to plaintiff's witness, Will Bailey: "What was the market price of standing timber at the time per thousand feet?" Objection overruled, and witness answered: "Three dollars and fifty cents." The effect of the ruling thereon will best be shown by stating here the basis for assignments of error 2, 3, 4, and 5, which were also questions to which objections were made and overruled by the court: the second is "Are you in a position to know about what it will cost per thousand feet to cut the timber into logs," Answer, "Yes, sir." Third, "About what would it cost per thousand feet put into lumber at the time?" Answer, "It cost me $3.50 at that time to manufacture it into lumber." Fourth, "I do not mean to manufacture it into lumber; I meant to cut the timber off of the land and make the trees into logs?" Answer, "About $2.00 per thousand." Fifth, "What in your opinion would those logs have been worth at the

time after they were severed from the land; I have reference to per thousand feet?" Answer, "$3.00 per thousand feet."

It is observed that the third question with reference to what it would cost to manufacture logs into lumber, if error, was cured by the fact that the court charged that no verdict could be found under the first count of the declaration.

Defendant in the court below contended that the first question furnishing the basis for the first assignment of error was error upon the authority of the case of Skinner v. Pinney, 19 Fla., 42, where it was held that the offer of the "defendant" to prove the value of standing trees "as a measure of damages" for the conversion was properly rejected, because the action was brought to recover the value of the logs taken away and not for the trespass in cutting them down. And the offer of the defendant to prove the value of the logs at some other place to which he had removed them was properly rejected, because plaintiff was entitled to the value at the time and place of conversion.

It is observed by the questions and answers following the first assignment of error that the evident purpose of asking the first question objected to was to establish the measure of damages in the case, and was one of the preliminary steps in arriving at the measure of damages. For it is seen that the question "What in your opinion would those logs have been worth at the time after they were severed from the land; I have reference to per thousand feet?" together with the answer thereto that "three dollars per thousand," is a method usually followed in arriving at damages under the circumstances of this case. And this would have had the effect of curing

any error for overruling the objection of the defendant below to the question contained in and furnishing the basis for the first assignment of error.

In fact, under the issues and circumstances of this case, it cannot be presumed that the timber involved would have been worth more standing than when put into logs for removing to the manufacturer, and, there-fore, if error at all, it was in favor of the defendant.

It cannot be assumed here, as suggested in brief of plaintiff in error, that the timber was also different in character from that testified about, in fact it is seen that the witnesses had reference to the timber involved in this case when he said *"these* logs would have been worth at that time after they were severed from the land $3.00 per thousand feet."

Another reason might be mentioned why the question objected to could not be within the rule as quoted above in the case of Skinner v. Pinney, *supra,* namely, in that case the *defendant* offered to prove value of standing trees as a measure of damages for conversion of logs, while the *plaintiff* propounded the question in this case, and to show the value when added to the expense of cut-ting and making the trees into logs; in other words, the stated case does not hold that the *plaintiff* cannot show the value of standing trees, and then add the cost of labor per thousand feet for converting the trees into logs, for the evident purpose of arriving at the value of the logs so converted.

The rule more applicable to the facts in this case is stated in the later case of Wright & Company v. Skinner, 34 Fla., 453, 16 South. 338, as follows: "Where the tres-passing is an unintentional or mistaken one the damages

should be the value of the chattels *at the time and place of their conversion.* * * * Where the trespassing is an unintentional or innocently mistaken one, there should not be any deduction in his favor from the value of the property at the time and place of conversion for the cost of any labor bestowed thereon anterior to the time that he completely consummates the conversion by actual removal from the owner's land." In the case at bar the defendant was given the benefit of the above rule while it is shown that, and so alleged in the declaration, that he knowingly converted the logs.

The above was a case wherein the property converted consisted of logs taken from anothers land, as is the case here.

The case of Quitman N. S. Company v. Conway, 63 Fla. 253, text p. 255; 58 South. 840, following the rule already stated, held that "where trees are unlawfully but not wilfully cut, and the cut timber, a chattel, is converted, the measure of recovery in trover is the value of the timber at the time of conversion, with interest."

There are several assignments based upon portions of charges given by the trial court of its own motion, and are contained in and furnish the basis for assignments of error 7 to 13, inclusive, and the parts of said charges attacked are the portions in which the trial Court instructed that if any of the timber in question was made use of on the land of plaintiff in the construction of a tram-road on the right-of-way across plaintiff's land or for the purpose of building up low places as testified about, then the owner was deprived of the use of the timber and the conversion was complete when the timber was cut and so used in the tram-road.

There was testimony in line with the charges given above that part of the logs were used in making the tram-road and some that had not rotted or become defective were removed when the tram-road was removed from plaintiff's land.

There was no error in the above charges on the point in question, in fact, practically this same question was settled by this Court against defendant's contention in the case of Quitman N. S. Company v. Conway, *supra*, where the rule is stated that "where there is a taking of chattels with intent to exercise over them an ownership inconsistent with the real owner's right of possession, there is a conversion." Citing 21 Ency. Pl. & Pr. p. 1012; 2 Words & Phrases, 1562; Trustees v. Int. Paper Co., 132 Fed. 92.

The above case further states that "conversion takes place when the trespasser at the place where it lay when the tree is cut or elsewhere assumes dominion over the timber that is inconsistent with the rights of the true owner * * * . This view is not inconsistent with the decision on the facts in the cases of Moody v. Caulk, 14 Fla., 50; Skinner v. Pinney, 19 Fla., 42; Wright v. Skinner, 34 Fla., 453; 16 So. 335; Peacock v. Feaster, 51 Fla., 269; 40 So. 74; Robinson v. Hartridge, 13 Fla. 501."

We think that the authorities are agreed that the essential elements of a conversion is a wrongful deprivation of property to the owner, and neither manucaption nor asportation is an essential element thereof. 38 Cyc. 2008.

Another point which is raised by the fourteenth assignment of error is that the verdict is contrary to the evidence, the law and the charge of the Court, because the amount of damages awarded is excessive.

The Court charged the jury that in assessing damages they should allow in addition to the value of the logs at the time of conversion, interest at the rate of 8% per annum from the time of the conversation, and it must be assumed that the amount of damages stated in the verdict includes the interest which was for the term of over three years. There was evidence before the jury that the logs were worth $3.00 per thousand feet at the time of conversion, and there was evidence that there was such an amount converted, which, when added to the interest would fully authorize the amount found as damages by the jury.

There being no error such as would require reversal, the same is hereby affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment herein be, and the same is hereby affirmed.

BROWNE, C. J. AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.