ELLEN B. JONES HANDLEY, Adm'rx. v.
HOME INSURANCE Co., *et al.*

150 So. 902.
Opinion Filed October 3, 1933.
Rehearing Denied November 9, 1933.

*W. T. Davis* and *David Lánier,* for Plaintiff in Error;

*Cockrell & Cockrell* and *R. C. Horne,* for Defendants in Error.

BUFORD, J.—This case is before us on writ of error to a judgment rendered upon a directed verdict in favor of the defendants in a suit in trover for the wrongful conversion of a fire insurance policy.

The record shows that on the 27th day of September, 1927, Jacob Vickers, as Agent of the Home Insurance Company of New York, a standard insurance company, wrote a fire insurance policy in that company for one B. Jones, insuring against loss by fire a cafe building belonging to Jones, in the sum of $750.00 and fixtures for a like amount.

The record further shows that the policy was reported

to the insurance company by the agent on the same date, September 27, 1927.

The evidence further shows that the policy was never actually delivered to Jones but that it was delivered to, and held by, Bank of Greenville as security to protect a bank loan. On November 12, the agent, Vickers, who was also an employee or officer of the bank, without consulting Jones and without notifying Jones, withdrew the policy from the bank and, at the direction of Home Insurance Company, mailed it to the "Stamping Office" at Jacksonville, Florida, to be forwarded to. Home Insurance Company. Vickers as a witness testified that the policy was cancelled by the insurance company and was by it ordered sent by him to the "Stamping Office" and that he followed those directions. Vickers received the full amount of the premium from Jones, but when at the direction of the company he cancelled the policy, neither Vickers nor the company notified Jones of such cancellation, nor returned any part of the unearned premium. While the policy was in force under this state of facts, but after it had been withdrawn from the bank by Vickers at the direction of Home Insurance Company and without any authority from Jones, the property insured was destroyed by fire. Demand was made on Vickers and then for the first time Vickers told Mrs. Jones that the policy had been cancelled and returned by direction of the issuing company and they did not have the insurance. Jones died and his administratrix brought suit in trover for conversion of the policy. There was sufficient evidence to warrant the case going to the jury for the purpose of having the jury determine the fact as to whether or not the defendants were jointly guilty of an unlawful conversion, or as to whether or not either of them were guilty of an unlawful conversion.

It appears to be settled, though we find few cases on the subject, that an action in trover may be maintained for the conversion of an insurance policy and it appears that this rule applies to a policy of fire insurance, life insurance or marine insurance. See Commercial Credit Co. v. Eisenhour, *et al.*, doing business under the firm name and style of Eisenhour Motor Company, an Arizona case, reported in 136 Pac. 126, Am. Law Rep. 1274; Hayes v. Mass. Mutual Life Insurance Co., 125 Ill. 626, 1 L. R. A. 303, 18 N. E. 327; Mutual Life Insurance Co. v. Allen, 212 Ill. 134, 72 N. E. 200; Cohn v. Insurance Co. of North America, 1 Wash. (U. S. C. C.) 93, Fed. Case No. 7920. In these cases it is held that the measure of damages is the full amount of the policy, upon the theory that in each case the suit was against the issuing insurance company and that a judgment against the insurance company would in effect cancel the policy. This rule would be applicable in the case where the wrongful conversion is by the agent and the insurance company jointly, though it might be otherwise if the conversion were such that a judgment therefor would not in effect cancel the obligation contained in the policy.

The evidence adduced from the witness Vickers that he withdrew the policy from the bank in which it had been attached to a note given to the bank by Jones as security for the payment of the note and at the direction of the insurer and, pursuant to such directions, and thereby, placed the policy beyond the reach of Jones, was sufficient when uncontradicted to constitute a basis for judgment against the insurance company because of its active participation with Vickers, its agent, in the wrongful conversion of the policy.

All this is true, although, under the facts as disclosed by the record, the administratrix of the estate of Jones could have successfully maintained the suit on the policy for the

loss occasioned by the fire which totally destroyed the property insured, regardless of the attempted cancellation and withdrawal of the policy.

When the agent accepted the premium and wrote the policy for Home Insurance Company the policy became a binding contract of insurance, unless it was void or voidable for reasons not disclosed in the record, and remained a valid and binding contract at the time. the loss by fire occurred. There is no conflict in the record concerning the fact that Jones had no notice of cancellation and that no part of the unearned premium was returned to him.

For the reasons stated, the judgment must be reversed and a new trial awarded.

It is so ordered.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.