STURGIS, Chief Judge.
J. J. Osborne, the appellant, sued Shell Oil Company and Anna L. Miller and George Liverett d/b/a Halifax Transfer Co., charging them jointly with conversion of certain service station equipment.
The plaintiff and defendants severally moved for a summary judgment. The motions were accompanied by supporting affidavits and exhibits. Thereupon an order was entered in which plaintiff’s motion and that of defendant Shell Oil Company were denied, and that of the defendants d/b/a Halifax Transfer Co. was granted and those defendants dismissed from the suit.
Thereafter Shell Oil Company filed a motion to dismiss the action on the ground that there was an involuntary dismissal as to the defendants d/b/a Halifax Transfer Co., and that such operated to discharge Shell Oil Company against whom a joint liability was asserted by the complaint. Thereupon an order was entered granting *671 this motion and dismissing the complaint. Plaintiff appeals from the mentioned orders.
As to the first order, we are only concerned with that portion of it which granted a summary judgment as to Halifax Transfer Co., for while appellant assigns as error the denial of his motion for summary judgment, that assignment was not argued on appeal and is therefore deemed abandoned.
We have carefully reviewed the pleadings and proofs pertinent to the summary judgment in favor of the defendants d/b/a Halifax Transfer Co., and it would serve no useful purpose to restate them in this opinion. Suffice it to say that plaintiff’s proofs were insufficient to support the necessary elements of an action for conversion on the part of these defendants, and as there developed no genuine issues of material fact the entry of the summary judgment in their favor was proper. Connolly v. Sebeco Inc., Fla., 89 So.2d 482; National Airlines v. Florida Equipment Co., Fla., 71 So.2d 741.
We now consider the order dismissing the complaint on motion of Shell Oil company. Appellee correctly insists that an involuntary dismissal as to one of several parties against whom a joint tort is charged dismisses all, but that rule is inapplicable to the facts in this appeal. An involuntary dismissal occurs under the circumstances outlined in Section 1.35(b) Florida Rules of Civil Procedure, 30 F.S.A., whereas the summary judgment was entered pursuant to Section 1.36, Florida Rules of Civil Procedure. The effect on joint defendants of orders properly entered under these respective rales differs substantially.
When an involuntary dismissal occurs, the suit is dismissed and it carries all the parties and the entire action out of court. State ex rel. Croker v. Chillingworth, 106 Fla 323, 143 So. 346; Whitaker v. Wright, 100 Fla. 282, 129 So. 889. A judgment may be properly entered as to. one or more of several joint defendants in an action for conversion. Home Insurance Co. v. Handley, 120 Fla. 226, 162 So. 516; Shaw v. Saunders, 79 Fla. 846, 85 So. 162.
It may be that in entering the second' order the trial judge was interested in having the complaint clarified in the light of the action theretofore taken, so as to-make it clear to the jury upon the trial of the cause that Shell Oil Company was the only remaining defendant, the only party charged with the alleged conversion. If such is the case, the motion should have-been treated as a motion for compulsory-amendment as is available under the first sentence of Section 1.15(e), Florida Rules, of Civil Procedure, rather than for dismissal as ordered. In the absence of such: amendment, the complaint is left in such condition that on its face it charges Shell Oil Company and the other original defendants jointly with conversion of plaintiff’s property, whereas all but Shell Oil Company have been dismissed; but under the second sentence of the cited rule this-defect was remediable by an instruction to-the effect that the complaint was applicable-only to Shell Oil Company. See Peacock and Hargraves v. Feaster, 51 Fla. 269, 40 So. 74, in which it was held that where there is more than one defendant in an action of trover, one or more may be acquitted and the verdict and judgment shaped so as to hold those only who are shown by the evidence to have been guilty of conversion.
The order entering the summary judgment in favor of the defendants d/b/a Halifax Transfer Co. is affirmed. The order dismissing the complaint is vacated and the cause remanded for proceedings, not inconsistent with this opinion.
Affirmed in part and reversed in part.
CARROLL, DONALD K., and WIG-GINTON, JJ., concur.