279 So.2d 73 (1973)
CIC LEASING CORP., a New York Corporation, Appellant,
v.
DADE LINEN AND FURNITURE CO., a Florida Corporation, D/B/a Monarch Contract Interiors and Gerald Knauer, Appellees.
Frank PHILLIPS, Appellant,
v.
CIC LEASING CORP., a New York Corporation, Appellee.
Stephen LUBOW, Appellant,
v.
CIC LEASING CORP., a New York Corporation, Appellee.
Nos. 72-744, 72-807 and 72-808.
District Court of Appeal of Florida, Third District.
May 1, 1973.
Rehearing Denied July 3, 1973.
*74 Smith, Mandler, Smith & Parker and Joe N. Unger, Miami Beach, for CIC Leasing Co.
Albert Wilensky, Miami, for Frank Phillips.
Michael Lipsky, Miami, for Stephen Lubow.
Dubbin, Schiff, Berkman & Dubbin and Ira Abrams, Miami, for Dade Linen and others.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
HAVERFIELD, Judge.
These consolidated appeals involve the various defendants with regards to the issue of conversion. The lower court found defendant-appellees Dade Linen and Furniture Co. and Gerald Knauer not guilty of either fraud or conversion. The remaining defendants, including appellants Frank Phillips and Stephen Lubow, were adjudicated guilty of conversion. The salient facts are as follows.
In November 1969, defendant Dade Linen and Furniture Co. d/b/a Monarch Contract Interiors and its manager, defendant Gerald Knauer, entered into an agreement with defendant Warren Tremblay whereby Dade Linen would sell furniture for the price of $104,714.80 to Tremblay's companies, defendants Kilow, Inc. and D & W, Inc., and deliver it to his apartment building, the Chateau Orleans in West Palm Beach. Thereafter, as a result of financial difficulties on his part, Tremblay by agreement substituted defendant Tele-Lease Corporation as the purchaser of the furniture on the same terms and conditions that Tremblay had with Dade Linen. Tele-Lease then entered into a separate transaction with the plaintiff CIC Leasing Corp., whereby CIC was to purchase the furniture from Tele-Lease for $122,714.80, and CIC would in turn lease it to Tremblay's companies, Kilow and D & W corporations, for a sum in excess of $160,000. Upon the request of defendant Milton Hargis, a representative of Tele-Lease, Dade Linen prepared a schedule listing the items of furniture to be delivered at the undiscounted price. Tele-Lease retyped the schedule on its own invoice which then was presented to CIC for payment. Thereafter, CIC was informed that Dade Linen was the supplier and vendor of Tele-Lease and made out its check in payment for the furniture to Tele-Lease and Dade Linen as joint payees. On February 9, 1970 Gerald Knauer picked up the check and upon the request of Milton Hargis deposited it in Tele-Lease's account at the National Commerce Bank. The bank's president, defendant Frank Phillips (Tele-Lease's banker), typed the endorsement on the back of the check and had Knauer sign it. On February 11, 1970, Tremblay and defendant Stephen Lubow, the secretary of Tele-Lease, informed Dade Linen that they wished to cancel a portion of the order. At the closing on February 17, 1970 upon the insistence of Tremblay, Lubow and *75 Phillips, an additional quantity of furniture also was cancelled. These cancellations were credited to Tele-Lease's account with Dade Linen. Prior to the closing in January, upon plaintiff CIC's request, Tremblay had signed a receipt acknowledging that all of the furniture on the original invoice in fact had been delivered. Subsequently, Kilow and D & W corporations defaulted on their leases with CIC and claimed they had not received the full quantity of furniture which had been ordered. CIC filed suit for fraud and conversion against Tele-Lease, Dade Linen, Kilow, D & W, Knauer, Tremblay, Lubow, Phillips, and Hargis. Defendant Hargis was not properly served with process and, therefore, the cause was dismissed without prejudice as to him. With the exception of Dade Linen and Knauer, all the remaining defendants were adjudged guilty of conversion and the plaintiff, CIC, was awarded the sum of $24,057.50 in damages. These appeals followed.
Plaintiff-appellant, CIC Leasing Corporation, contends that the lower court erred in rendering judgment in favor of defendant-appellees Gerald Knauer and Dade Linen and Furniture Co. We disagree.
As stated above, Dade Linen and Furniture Company merely was the supplier of Tele-Lease Corporation and had no agreement with the plaintiff, CIC. The invoice plaintiff received was from Tele-Lease only, not Dade Linen. Plaintiff of its own accord made out the check in payment of the furniture to Tele-Lease and Dade Linen as joint payees. Immediately thereafter defendant Knauer endorsed the check and deposited it into the account of Tele-Lease. Further, the record does not reflect that plaintiff in any way relied upon Knauer or Dade Linen for delivery of the furniture. The only alleged reliance with regards to the delivery was upon the January 1971 receipt signed by defendant Warren Tremblay, who certainly was not an officer or agent of Dade Linen. We also noted that by crediting the cancellations to the account of Tele-Lease, Dade Linen economically was disadvantaged rather than benefited.
It is well established that two or more persons may be joined in an action for conversion as parties defendant. 18 Am.Jur.2d Conversion § 140 (1965). Where there is more than one defendant, one or more defendants may be acquitted and a verdict and judgment taken against the others, the verdict and judgment being shaped so as to hold liable only those who are shown by the evidence to have been guilty of conversion. Home Ins. Co. of New York v. Handley, 120 Fla. 226, 162 So. 516 (1935); Shaw v. Saunders, 79 Fla. 846, 85 So. 162 (1920); Peacock v. Feaster, 51 Fla. 269, 40 So. 74 (1906); and 7 Fla.Jur. Conversion § 28 (1956).
Where, as at bar, the case is tried by the court without a jury, the question of conversion is ordinarily a question of fact to be determined by the court sitting as a jury. In the case sub judice, we hold there was sufficient evidence to warrant the court in determining the fact as to whether or not all the defendants were jointly guilty or only some of them were guilty of conversion. See Handley v. Home Ins. Co. of New York, 112 Fla. 225, 150 So. 902 (1933).
Further, it is basic that an appellate court will not disturb the finding of fact of a trial judge unless it is clearly erroneous. See 2 Fla.Jur. Appeal § 346 (1963) and cases cited therein.
In their appeals, defendant-appellants Frank Phillips and Stephen Lubow both contend it was error for the lower court to find them guilty of conversion. Again, we must disagree.
Frank Phillips is Tele-Lease's banker and acted as an agent upon the corporation's behalf in this matter. Stephen Lubow is an officer of Tele-Lease Corporation, its secretary. This court has held *76 that individual officers and agents of a corporation are personally liable to any third person they injure by virtue of their tortious activity even if such acts are performed within the scope of their employment as corporate officers or agents. Odell v. Signer, Fla.App. 1964, 169 So.2d 851; Ramel v. Chasebrook Construction Company, Inc., Fla.App. 1961, 135 So.2d 876; and 1 Fla.Jur. Agency § 74 (1955).
Accordingly, the judgment herein appealed must be and hereby is affirmed.
Affirmed.