PER CURIAM.
After long and exhaustive litigation in several courts, these contending parties reached a termination of their litigation in an amended final judgment in which the court found as follows:
* * * * * *
“1. That the property of Chris J. Christ, to wit, the boat hull, was converted by Terama Hotel and its predecessors in interest on July 24, 1972 to their own use.
“2. That at the time of conversion the value of the property of Chris J. Christ, to wit, the boat hull, was $7,-500.00.
“3. The Court finds that the Terama Hotel Corporation and their predecessors in interest and title are entitled to a total sum of $4,780.00 for rent, together with sales tax, until the time of conversion, and this award shall include any and all amounts heretofore allowed as a judgment against Chris J. Christ.
“4.' That Chris J. Christ is entitled, therefore, to a judgment against the Terama Hotel Corporation and/or its predecessors in title, jointly and severally, in the sum of $2,720.00, for which let execution issue forthwith.”
* * * * * *
On this appeal, in which we are presented with a very sketchy record, the appellant contends first that the finding of conversion was not supported by the record and, second, that the value of the chattel was inadequately proved. We have reviewed the record in the light of these contentions and find that error has not been demonstrated. See Quitman Naval Stores Co. v. Conway, 63 Fla. 253, 58 So. 840 (1912); General Finance Corp. of Jacksonville, Inc. v. Sexton, Fla.App.1963, 155 So.2d 159; Goodrich v. Malowney, Fla.App.1963, 157 So.2d 829.
Affirmed.