ALFRED CASE *vs.* GEORGE H. BABBITT.

In an action brought by the defendant in replevin against the officer who served the writ, for taking an informal bond, by reason of which the replevin was dismissed on the defendant's motion, the officer may show in mitigation of damages that the property replevied was, at the time of the service of the replevin, and has since remained the property and in possession of the plaintiff in replevin.

DEWEY, J.    This is an action of tort to recover of the defendant, a deputy sheriff, damages for taking an informal bond in a replevin suit commenced by Venus Macomber against the plaintiff, by virtue of which writ he took from the possession of the plaintiff various articles of personal property.    The action of replevin, after entry of the same, was on motion of the defendant in that suit, who is the plaintiff in the present one, dismissed for informality in the bond, and a return ordered of the property to the defendant in replevin.    The question now before us is, whether the defendant can be allowed to introduce evidence, in mitigation of damages, to show that the property thus taken

by him was the property of another person than the present plaintiff, namely, the property of Venus Macomber, and that the same is now in his hands, as owner.

In actions of tort for misfeasance of an officer, where there has been no wilful act of wrong doing, the rule of this court has been to allow evidence to be introduced to show the real extent of the loss and thus materially to diminish the damages below the sum which *prima facie* the plaintiff would be entitled to recover. It was thus permitted in *Weld* v. *Bartlett,* 10 Mass. 470, where the action was in case for neglect of duty in not taking bail, where the officer had arrested the debtor, and returned falsely upon the writ that he had taken bail. The same rule has been adopted in several analogous cases. *Rice* v. *Hosmer,* 12 Mass. 127. *West* v. *Rice,* 9 Met. 564.

Treating the act of the defendant, in serving the writ of replevin without a proper bond, as an unauthorized taking — and this was the real nature of it — we find several cases sustaining the position that where there has been a wrongful taking of personal chattels, and an action brought for such taking, it is competent for the defendant to show, in mitigation of damages, that the property has, since the taking by the defendant, passed into the possession of the real owner, or been applied to his use, in some legal form. Thus in *Haley* v. *Shed,* 10 Met. 317, the defendant was allowed to show, in mitigation of damages, that the property had been taken from him by an attachment in an action against the plaintiff. The case of *Squire* v. *Hollenbeck,* 9 Pick. 551, is perhaps more in point, as the damages were allowed to be reduced by showing that a third person was the owner of the property which had been taken from the possession of the plaintiff, and that it had gone to the use of the owner; and this was allowed, although the defendant in taking the same had acted without any authority. It was said by the court in that case, " possession is *prima facie* evidence of title; and unless the contrary is shown, it is sufficient to entitle the plaintiff to recover for the value. But here, if the allegation of the defendant can be made out by proof, the plaintiff is not answerable over."

The strong objection urged against the admission of such evidence in reduction of damages is, that if the defendant was a wrongdoer in the original taking of the property, he ought now to be charged with the whole value of it, and this irrespectively of the fact that it has since passed into the hands of a third person entitled to it, or been applied to the use of the true owner. This subject was again considered in the case of *Perry* v. *Chandler*, 2 Cush. 237, where in an action of trespass for a wrongful taking of personal chattels, and where the court held, as matter of law, that they were wrongfully taken, yet the defendant was allowed to show, in reduction of damages, that the nature of the plaintiff's title was such, that it was liable to be defeated by proceedings in bankruptcy against his vendor, and that such proceedings had taken place since the alleged trespass, and the property had been applied for the benefit of the creditors of the bankrupt.

In all such cases it is, however, essential to show that the property has actually gone to the use of the real owner. A mere outstanding title in a third person would furnish no ground for the reduction of damages, for one who had wrongfully taken the property from the possession of the plaintiff and continued to hold the property, or had applied the same to his own use.

The action of replevin, by which this property was taken from the plaintiff, was on his motion dismissed, as having no standing in court. The effect of such dismissal was to dispose of the case without any adjudication upon its merits, or any hearing as to the title in the property. The articles replevied remain now as much the property of the plaintiff in this action as before the taking on the replevin writ. The taking of the articles by a writ of replevin, and delivery of the same to Macomber, did not change the ownership, or vest the title in Macomber. Upon the dismissal of the action without any hearing or adjudication as to title, the right of Case remained as before. He may demand and recover of any person, in whose hands the same is, the property or the value thereof, if he is the real owner. *Lockwood* v. *Perry*, 9 Met. 440. The inconvenience which he suffers is the deprivation of possession, if

the property was not his, and he had no other title than possession.

It is urged, however, on the part of the plaintiff, that if a proper replevin bond had been taken, such bond might have been put in suit, and that the obligors could not have set up in defence property in a third person. However that may be, it is not to be assumed that if a proper bond had been taken, and the action had been heard upon its merits, any order for a return would have been made. That would have depended upon the fact of the plaintiff's ownership of the property, the very matter which the defendant denies. If the case had proceeded to trial, and the right of property had been established in the present plaintiff, and thereupon an order of the court made for a return, and the plaintiff had lost his security for the performance of such order through the misfeasance of the defendant, that might have presented a case where the defendant would be estopped from setting up a title in a third person in mitigation of damages. But in the absence of any such adjudication upon the question of property in the plaintiff, a different rule must prevail. The plaintiff can only recover for the damages which he has sustained by the acts of the defendant. The possession of the plaintiff of the property is *prima facie* evidence of ownership of the same; but if the defendant can control it by evidence produced by him, and establish the fact that the property was in a third person to whose possession and use the same has gone, the plaintiff has lost nothing, except the interference with his temporary possession. We have not found in the cases cited for the plaintiff any sufficient reasons for coming to a different result. *Exceptions sustained.*

*B. Sanford,* for the defendant.

*E. H. Bennett,* for the plaintiff, cited *Yea* v. *Lethbridge,* 4 T. R. 433; *Jeffery* v. *Bastard,* 4 Ad. & El. 823; *Baker* v. *Garratt,* 3 Bing. 56; *Swift* v. *Barnes,* 16 Pick. 194; *Seeley* v. *Brown,* 14 Pick. 177; *Walbridge* v. *Shaw,* 7 Cush. 560; *Flagg* v. *Tyler,* 3 Mass. 303; *Smallwood* v. *Norton,* 20 Maine, 83; *Greely* v. *Currier,* 39 Maine, 516; *Sartin* v. *Weir,* 3 Stew. & Port. 421; *Buckmaster* v. *Beames,* 4 Gilm. 443.