S. B. VARGA, *Plaintiff in Error*, v. MARCUS CONANT COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed June 2, 1921.

1. Where no material errors of law or procedure are shown to have been committed in a trial and the evidence is sufficient to sustain the verdict, the judgment will not be reversed on writ of error.

2. Where the nature of the case does not warrant it, the court should not in a tort action charge the jury that in determining the amount of damages to be awarded, they may consider "the age of plaintiff, his sex *and race;*" but where the verdict is for the defendant the erroneous charge may be immaterial or harmless.

A Writ of Error to the Circuit Court for Duval County; George Couper Gibbs, Judge.

Affirmed.

*J. W. Holland* and *Wm. C. Guthrie,* for Plaintiff in Error;

*Cockrell & Cockrell,* for Defendant in Error.

PER CURIAM.—Varga brought an action to recover damages for personal injuries alleged to have been caused by the negligent operation of an automobile ambulance while the plaintiff was riding a bicycle ahead of and going in the same direction as was the automobile ambulance, on a street in the City of Jacksonville, Florida. There were verdict and judgment for the defendant and the plaintiff took writ of error.

A careful consideration of the transcript discloses sufficient evidence to sustain the verdict, and no material errors of law or of procedure.

The court charged the jury that "if, in your investigation, you find for the plaintiff in this case, the measure of damages is for compensation for injury that the plaintiff may show to have been inflicted; and in arriving at that compensation, you are entitled to take into consideration such mental and physical pain and suffering as plaintiff may have sustained because of said injury, the age of plaintiff, his sex and race."

It does not appear that the nature of the tort alleged and its consequences involved any consideration of the plaintiff's sex or race, and that portion of the quoted charge should not have been given; but as the charge relates solely to the measure of damages should liability be found, and as the defendant was found not guilty, the

error in the charge as to the measure of damages was harmless, and not material.

Affirmed.

All concur.