FLORIDA TELEPHONE CORPORATION, a corporation, and FLORIDA PUBLIC SERVICE COMPANY, a corporation, *Plaintiffs in Error*, vs. RUBY WALLACE, *Defendant in Error.*

140 So. 472.

Division B.

Opinion filed March 25, 1932.

*Duncan, Hamlin & Duncan* and *E. W. & R. C. Davis,* for Plaintiffs in Error;

*Buie & Hipler,* for Defendant in Error.

Per Curiam.—Recovery in the sum of five thousand dollars was had in the Circuit Court of Lake County against the Florida Telephone Corporation and Florida Public Service Company. The action was for wrongful death of one Oswald Wallace, defendant in error's husband. Both defendants in the Court below took writ of error.

An uninsulated telephone wire of the Florida Telephone Corporation passed under, but did not touch, a certain uninsulated high tension line of the Power Company in the streets of Eustis. Oswald Wallace was killed by coming in contact with the telephone wire while working on top of a two-story building over which the telephone wire had been suspended. Both the telephone wire and the high tension line were premitted by the two defendants to remain in close proximity to each other at a point where they intersected in the street, and it appeared that the telephone wire passed under the primary, and over the secondary wires constituting a part of the Power Company's high tension transmission system, making likely the dangerous contact of the two at any time.

Failure to prove that the negligent condition complained of was the proximate cause of death, and alleged

contributory negligence of the person killed, were the defenses relied on to defeat recovery.

The evidence was conflicting, but there is substantial proof of the fact that deceased came to his death as the result of a violent electric shock communicated to his person from the high tension lines of the power company by way of the telephone wire. Whether or not deceased incidentally came into contact with the telephone wire in the exercise of due care while engaged at work, on top of the building, or whether he negligently attempted to handle the telephone wire so as to change its position, thereby through his own carelessness bringing the telephone wire into contact with the power line, is a matter of sharp dispute in the testimony.

The conflict in the evidence was resolved by the jury in favor of the conclusion contended for by the plaintiff. We find no occasion for disturbing the verdict on that point, especially since it has the approval of the trial judge, who heard and saw all the witnesses, and it does not appear that the verdict which was rendered is against the weight of the evidence, or based upon conditions outside the reasonable inferences permitted to be drawn by a jury from such evidence.

The charge of the court appears to have fully and fairly submitted the issues on trial to the jury. Special charges were given in several instances at the request of the defendants, and the court of its own motion charged the jury that "you are to take all the charges which the court has given you of its own volition, together, as a whole. You cannot base your verdict upon any single, isolated charge, or any charge selected from all of them, but you must base your verdict upon all of the charges, which you will apply to the evidence as you have heard it from the mouths of the witnesses." Construing the charge of the Court as a whole, it does not appear that

there is any reversible error in the charge given by the Court to the jury, or that either of the plaintiffs in error was deprived of the benefit of the jury's consideration of any principle of law entitled to be considered by the jury in making their findings on the issues submitted to them for determination.

The defendants in the Court below were shown to have been guilty of concurring acts of negligence which resulted in the death of plaintiff's husband. That being so, the suit was properly brought against both tort feasors, and a joint verdict and judgment was properly entered against the two companies whose concurring acts of negligence resulted in the creation of the dangerous condition whereby the telephone wire became charged with a high and dangerous current of electricity from the power company's wires, which in turn occasioned the wrongful death sued for.

The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.