G. P. GARRETT v. AMERICAN FRUIT GROWERS, INCORPORATED, a Delaware Corporation

186 So. 269.
En Banc.
Opinion Filed June 10, 1938.
Rehearing Denied October 14, 1938.

*Marshall Edwards* and *George Palmer Garrett* and *Huffaker & Edwards,* for Plaintiff in Error;

*Maguire & Voorhis,* for Defendant in Error.

PER CURIAM.—In this case the subjoined opinion of Mr. Chief Justice ELLIS was originally prepared as a dissenting opinion, but in the course of the Court's consideration of the case that opinion has become the majority and controlling opinion in the case, and the opinion of Mr. Justice BROWN following has become the dissenting and minority opinion.

ELLIS, C. J.—I am unable to agree with the decision made in this case by the other members of the Court, nor am I able to agree with the opinion and argument by which the decision is reached.

To my mind this case presents a very fair illustration of the futility of attempting an accurate decision of a controversy in the courts of law without observing the rules of pleading which are designed for the purpose of presenting definitely the material question of fact upon which the controversy between the parties should turn.

There is a theory concerning the judicial determination of controversies which is not carefully examined and as definitely opposed may eventually destroy the function of pleading. That theory is that the judge to whom application is made for the redress of a wrong should, after, examining every detail of the case submitted to him, call upon his fund of experience, wisdom and judicial conscience of which under such theory he supposes himself to be the sole repository and by the aid of such special qualities render justice between the parties.

Such a theory will eventually result in depositing in the court a collection of paper writings and documents in the form of a record, and without accurate presentation of the

question or questions in the controversy, to be determined by the court according to its conception of what in many instances it is pleased to call substantial justice. That term is incapable of definition but the judges who undertake to administer it assume to be the sole possessors of all the knowledge of the elements which constitute it.

Substantial justice, if it means an accurate judicial determination of a legal controversy between capable persons, is best attained by following rules which are the outgrowth of centuries of experience and which are designed to present with accuracy the precise point in controversy between the parties litigant. Without such compass the unchartered sea of substantial justice cannot be successfully navigated, because as there are neither legal nor moral standards by which to measure the particular degree of such justice to be applied and which finds its authority only in the conscience of the individual judge, the parties litigant more frequently than otherwise find themselves in situations which they did not contemplate and neither party understanding the means by which he arrived.

The question which is presented in this case is one of pleading and the issue sought to be presented must be determined by the pleadings which were deemed to be settled at the time of the trial. The parties to the controversy have a right to submit for determination by the jury what issues of fact are involved which are determinative of the right upon which one of the parties insists and which is denied by the other.

Usually the right which is insisted upon by the plaintiff depends upon the existence of certain facts, the defendant denying such right is brought by the means of correct pleading either to the admission of such facts upon which the plaintiff's right depends or to the denial of the existence

of such facts which if not established would defeat the plaintiff's action.

In order therefore that the case which was submitted to the trial court and which comes here upon writ of error to the judgment may be better understood, it would be well to describe the situation out of which this controvery arose.

In February, 1935, Mr. Garrett, the plaintiff in the trial court and the plaintiff in error here, owned an orange and grapefruit grove of twenty acres in the neighborhood of Haines City, Florida. The trees were bearing trees and they were quite heavy with fruit nearly ready for the market. The variety of oranges was known as the Valencia, which when ripe and ready for the market are large, heavy with juice and delicious in flavor, and generally when in good condition, command a better price in the market than other varieties not so generally favored.

In the early part of February of that year, the weather for a few days became unusually cold in the area in which Mr. Garrett's citrus grove was located. In some portions of the area the temperature dropped to freezing and in many cases the owners of orange groves considered that a comparatively large percentage of the fruit on the trees was detrimentally affected by the cold which continued in some places in the area for many hours.

Particularly in the lower levels of the area where the cold air remained longer than upon the higher levels it was deemed that the fruit would be more seriously affected and that if it was to be disposed of at all the fruit in such lower places and that which hung farthest from the center of the tree area should be removed first, as that the fruit which grew closer to the center of the tree area, and thus protected by the foliage of the trees, would be the least affected, if indeed it had not been entirely protected from the cold wave which swept over that section of the State.

In this situation Mr. Garrett made a contract with the American Fruit Growers, Inc., the defendant below, in this case, to pick and remove the fruit from his grove and sell the same for his account to the best advantage. Mr. Garrett contends that the most vital and important feature of the contract was the manner in which it was to be executed by the corporation. Mr. Garrett contending that it was the duty of the corporation under the contract to require its agents to remove first the fruit in the lower levels· of his grove and that which hung from the outer area of the trees in order that the fruit which was most likely to have been affected by the cold should be removed first and placed upon the market before the deteriorating processes, if any, started by the cold could totally destroy that fruit, it being conceded by the parties to the agreement that there was then a market for such fruit in which it could be sold at a price and thus prevent a total loss to a definite percentage of the crop, but, according to Mr. Garrett's contention, the defendant, instead of executing the contract in that manner, sent its agent, Mr. McCord, upon the grove on February 11th and 12th and caused to be "spot picked" the Valencia oranges from the center areas of the trees where the oranges were least damaged, if at all, and left the fruit which had been more exposed to the cold, and consequently damaged thereby, to removal at a later date.

It is contended by Mr. Garrett that the defendant, which through its agents proceeded in that manner in the execution of the contract, committed a wrong and was guilty of a tort against Mr. Garrett. He claims that the result of that tort produced damage to him first in the premature removal of the choice fruit consisting of 561 field boxes of Valencia oranges, which would have brought a better price in the market if they had been allowed to remain upon the trees to a later date and thus become fully

matured and in possession of their natural sweetness and flavor, and, secondly, the damage resulting to him by deferring the removal of those oranges which had been affected by the cold and which under the contract should have been immediately taken away and placed on the market, thus producing a total loss of a large part of the fruit crop which might have been avoided by the immediate picking of the crop and the placing of the same upon the market.

In this situation Mr. Garrett brought an action *ex delicto* against the American Fruit Growers, Incorporated. In the first two counts of the declaration he declared in trover and conversion according to the form prescribed by the statute. See Sect. 4314, par. 26, C. G. L. 1937. In the third and fourth counts of the declaration he declared in trespass *de bonis asportatis*.

The essential difference between those two causes of action consists in that in trespass *de bonis asportatis* a wrongful taking is charged, while in trover and conversion a conversion of the goods to the defendant's use is charged. The measure of damages in each case is the same, that is to say the value of the goods at the time and place of conversion in one instance, and the wrongful taking and removal in the other. See Archbold's *Nisi Prius*, p. 477.

The plea of not guilty is applicable in each action. In the case of conversion it denies the wrong and injury. In the case of trespass *de bonis asportatis* it denies wrongful taking of the property, that is to say the unlawful entry upon the land and the removal of the property alleged to have been removed. It was unnecessary in the third and fourth counts to give a description of the lands on which the defendant was charged with wrongfully entering. It would have been sufficient merely to have alleged that the parties took and carried away the goods alleged to have been removed.

The defendant is privileged in the latter form of action to plead the general issue which denies all the trespasses alleged, or may deny a part and plead justification for the residue. 21 Ency. Pl. & Prac. 831, Rule 75, Rules of Circuit Courts, Law Actions, p. 23.

The entry upon the land upon which the removal of the goods occurred is a sufficient force to establish the trespass necessary to support the action. See Crandall's Common Law Prac., p. 130, Sec. 91.

Now the defendant by its third plea, which presents the only question necessary to be determined in this case, undertook to justify its action in taking the defendant's goods by averring that it did so under the contract which authorized it to go upon the premises and take the oranges from the trees and market them to the plaintiff's account and that pursuant to the contract it sold the 561 crates of oranges, accounted to the plaintiff for the amount of such sales and tendered to him the sum realized therefrom.

A careful inspection of that plea will show that it is in effect an admission of the taking of the goods and entry upon the land and a tender of amends to the plaintiff for the damage which the plaintiff by his action in tort claimed against the defendant.

The plea is set forth here in full:

"That it did what is complained of by the plaintiff's leave; that the plaintiff, on February 9, 1935, following an unprecedented spell of cold and consequent damage to fruit throughout Florida, engaged one J. M. McCord, a representative of this defendant, to handle and market all of the plaintiff's said fruit according to the best judgment of the said J. M. McCord, and to ship the same through this defendant as marketing agent, in accordance with its usual practices, and with the understanding that from the proceeds of all fruit sold the defendant would deduct all

customary charges and expenses and remit to plaintiff the net proceeds remaining; that pursuant to such understanding and agreement the said J. M. McCord did handle, pick and market the fruit mentioned in plaintiff's declaration, according to his best judgment, and that after deducting said charges from the proceeds thereof, the net proceeds to be remitted to the plaintiff amounted to the sum of $243.63, and before action, on the 4th day of March, A. D., 1935, defendant tendered and offered to the plaintiff to pay him the same, and the plaintiff refused to accept it; and the defendant now brings the said $243.63 into Court ready to be paid to the plaintiff."

It is perfectly obvious that if the taking of the goods in either aspect of the case was a conversion or trespass *de bonis asportatis* the special plea that the defendant was authorized by the contract to do what it did was a complete defense because if it was authorized by the contract to take the goods and sell them for the account of the plaintiff it could not be guilty of trover and conversion, nor could it be guilty of the trespass necessary to support the declaration in trespass *de bonis asportatis;* therefore so much of the plea as averred justification under the contract was a complete defense to either form of the action, but the plea tendered a separate and distinct issue which amounted to an admission of the wrong but a tender of amends for the injury committed in that the plea averred that it had tendered to the plaintiff the amount due the plaintiff on the sale of the fruit for his benefit.

Now if the taking of the goods by the defendant was justified by the contract then there was neither a conversion or trespass *de bonis asportatis.* In other words, the defendant had committed no wrong and injury. Therefore the plaintiff had no cause of action, but the tender of amends admitted injury and tendered a sum in

satisfaction of damages, which is not allowable in any case of an action of conversion or of trespass *de bonis asportatis,* for a man cannot commit a wrong and injury which justifies an action against him for damages and then tender a sum of money in satisfaction of what he arbitrarily asserts as compensation for the injury committed. Particularly is that true where the element of the wilfulness of the injury is made an issue in the case. To permit that plea to stand therefore would submit to the jury no definite issue of fact upon which the parties could have gone to trial for the jury might have decided that an injury was committed by the defendant and thus not have been justified in returning a verdict for the defendant, but it may have considered that the amount tendered by the defendant was sufficient compensation for such injury and thus deprived the plaintiff of proving the value of his fruit at the time and place of the alleged injury which was his right in the case made by the second count.

Tender of amends is not permissible in a tort action. See 28 Am. and Eng. Ency. of Law, 2nd Ed. p. 10, 11.

The majority opinion in this case treats the third count of the declaration as one in *quare clausum fregit.* In other words, that the plaintiff was complaining of the injury sustained by him in the wrongful entry by the defendant upon the lands described. In such a case tender of amends is permissible by plea but it must be in cases where the defendant admits the trespass, that is to say the wrongful entry upon the premises and tenders a sum in satisfaction of damages. See 4328 C. G. L. 1927.

That section provides that in actions of *quare clausum fregit* where the defendant disclaims any title or claim to the land on which the trespass was alleged to have been done and that the trespass was by negligence or involuntary then the defendant may plead a disclaimer and a tender or

other offer of sufficient amends for such trespass, on which issues, or some of them, the plaintiff may be compelled to join issue.

But in this case the plea while disclaiming interest in the land averred that the trespass was neither negligent nor involuntary but undertook to justify the entry under the contract and then tendered leave of amends for the injury complained of by the plaintiff which was the wrongful or negligent entry of the land by the defendant and the removal of the plaintiff's goods.

So the plea was both leave and license and tender of amends which is not permitted under the statute to which reference was made above.

The majority opinion states that the insufficiency of that plea was not raised. It is said in the majority opinion that the court's attention was not called to the fact that the third plea was duplicitous until after the rendition of the verdict. The fact is that the plaintiff both demurred to the plea and moved to strike it, which demurrer and motion were both overruled and the order of the court is made the basis of the eighteenth assignment of error and a large part of the plaintiff in error's brief is devoted to proving the error committed in the order of the court.

It is said in the majority opinion that it does not appear that the tender of amends in the plea was offered as a substantive defense.

I think that view of the plea is wrong. On the contrary it appears to be its major purpose which is that having entered upon the land under authority of the contract and taken the goods away the defendant then offered to the plaintiff a sum of money in satisfaction of his claim for the value of the goods taken.

As a plea of leave and license and tender of amends to an action of *quare clausum fregit* it was clearly not within

the meaning of the statute to which reference is above made. As a plea to an action of trespass *de bonis aspor-tatis* it was clearly duplicitous because it denied the trespass which is necessary to support such action and at the same time tendered money in satisfaction of the wrong of which the plaintiff complained. If the defendant had contented itself with a plea setting up the contract under which it was to sell the oranges, such plea would have been a complete defense to both trover and trespass *de bonis asportatis,* but when it undertook in the third plea to tender to the plaintiff money in satisfaction of the plaintiff's claim it admitted the trespass which is necessary to support the action of trespass *de bonis asportatis* because without a trespass upon the land the plaintiff's cause of action fails and there can be no point in offering money in satisfaction of an injury which had not been committed. There can be no tender of amends in a tort action except in actions *quare clausum fregit* under the statute where there must be a disclaimer of title to the land or in which the trespass was negligent or involuntary.

Under the plea of not guilty the defendant was not permitted to show lack of title and right of possession to the goods in the plaintiff but an effort was made by the defendant under the plea of the general issue to show that the goods were taken by the defendant with the knowledge and consent of the plaintiff. If that issue was submitted to the jury it is wholly unsupported by the evidence disclosed by this record because while there existed the contract for the sale of the oranges by the defendant, the evidence discloses that the removal of the oranges was to be made in a certain manner hereinbefore mentioned. So if the contract which the defendant held for the sale of the plaintiff's oranges was relied upon as a justification for the removal of the oranges the issue was not sustained by the defend-

ant because the evidence is practically uncontradicted that it was not removed in the manner stipulated in the agreement. In fact the case made by the record showed that the defendant was guilty of two wrongs, first in the premature removal of the choice fruit and the failure to first remove the fruit which it was assumed was damaged.

The going upon the land for the purpose of executing the contract in that manner, that is' to say by first removing the damaged fruit and putting it on the market and then removing the choice fruit which was assumed to be undamaged, was the sole justification of the defendant's entry upon the land, but the going upon the land with a different purpose was the alleged trespass relied upon to support the third count, viz.: trespass *de bonis asportatis* for carrying away the 561 field crates of choice fruit: So the removal of the choice fruit in the circumstances was the tort of which the plaintiff complained in both counts, that is, the first and third counts of the declaration.

Now the plea of tender of amends is, as stated, not permissible in a tort action except in the special case of *quare clausum fregit* referred to in the statute, Section 4328, *supra;* see Bullen & Leake's Precedents of Pleading, Page 967; or where in an action of tort the tender is of the full amount demanded. See Southern Ry. Co. v. Harris, 202 Ala. 263, 80 South. Rep. 101; Gregory v. Wells, 62 Ill. 232.

Under the majority opinion it is suggested that the trespass was *in quare clausum fregit* but it nevertheless permits a tender of amends under an averment in the plea that the entry was under claim of right which is not proper in good pleading, Viall v. Carpenter, 82 Mass. (16 Gray) 281, because a claim of right is not a negligent or involuntary trespass, Johnson v. Williams', 222 Ala. 278, 132 South. Rep. 170.

The third plea in this case, which was evidently filed

under authority of Section 4328, *supra,* and which I have undertaken to point out is not applicable in the case of *quare clausum fregit,* must therefore be regarded as a plea to the third count in the declaration, which is one of trespass *de bonis asportatis,* which rests upon the allegation that a trespass was committed by the defendant in the taking and carrying away of the fruit. The plea admits the taking and carrying away of such fruit and undertakes to prove license for the entry upon the land and then a tender of the damages resulting from the taking and carrying away, which is admitted by the plea. While that plea cast upon the defendant the burden of sustaining it, it deprived the plaintiff of the right to show the value of the oranges that were taken and carried away and limited him to the issue that the specific sum tendered was in fact tendered to him in satisfaction of the damage for the removal of the fruit.

In this view of the pleadings, I submit that it is impossible to determine upon what issue the jury determined this controversy. It found for the defendant. Did it find that there was no conversion by the defendant? Did it find that defendant did not take away the fruit or that the entry upon the land was upon authority of the contract, or that the defendant having sold the oranges in the best market had returned to the plaintiff the net amount realized from the sale of the fruit, which it was the defendant's duty to do if the contract was such as interpreted by it?

If the defendant relied upon its contract with the plaintiff it was sufficient to plead that contract as a defense to both counts. In that case the question would have turned upon what were the terms of the contract and the manner of of its enforcement. The burden being upon the defendant to establish the contract, the defense being an affirmative one, it would have been very doubtful if the jury

would have considered that defense as maintained because from the facts disclosed in this record the contract which the plaintiff had with the defendant was not such as justified the defendant's entry upon the land with the avowed purpose of removing the better grade of oranges first and neglecting the removal of those which were assumed to be affected by the cold.

I think, therefore, that the judgment should be reversed.

TERRELL, BUFORD and CHAPMAN, J. J., concur.

WHITFIELD and BROWN, J. J., dissent.

BROWN, J. (dissenting)—The plaintiff in the court below, plaintiff in error here, filed a declaration composed of four counts, the first two in conversion and the last two in trespass. The first count in conversion and the first count in trespass do not charge any wilful or wanton conduct, whereas the second and fourth counts charge repectively a wilful conversion and a wilful trespass. The basis of fact underlying all the counts consisted in a charge that the defendant took five hundred and sixty one field boxes of Valencia oranges belonging to the plaintiff of the value of $1120.00. The first count charges that the defendant converted these field boxes of oranges to its own use and wilfully deprived the plaintiff of the use and possession of the same. The second count charges that such conversion was wilful. The third count charges that the defendant broke and entered upon certain land of the plaintiff, described in said count, and then and there removed certain property of the plaintiff, namely, some five hundred and sixty-one field boxes of oranges, of the value of $1120.00, and then and there also injured and damaged certain other property of the plaintiff, the remaining oranges then growing and remaining on the property, to the extent of $2500.00. The fourth count makes the same charge as

the third but charges that the trespass and conversion were wilful and also that the damage to the remaining oranges in the grove was wilfully done. The declaration alleges that the acts complained of were done on February 11th and 12th, 1935, in Polk County, Florida.

The defendant filed five pleas, but the second plea was withdrawn. The first plea is the plea of not guilty. The third plea reads as follows:

"3. That it did what is complained of by the plaintiff's leave; that the plaintiff, on February 9, 1935, following an unprecedented spell of cold and consequent damage to fruit throughout Florida, engaged one J. M. McCord, a representative of this defendant, to handle and market all of the plaintiff's said fruit according to the best judgment of the said J. M. McCord, and to ship the same through this defendant as marketing agent, in accordance with its usual practices with the understanding that from the proceeds of all fruit sold the defendant would deduct all customary charges and expenses and remit to plaintiff the net proceeds remaining; that pursuant to such understanding and agreement the said J. M. McCord did handle, pick and market the fruit mentioned in plaintiff's declaration, according to his best judgment, and that after deducting said charges from the proceeds thereof, the net proceeds to be remitted to the plaintiff amounted to the sum of $243.63. That defendant always was and still is ready and willing to pay to the plaintiff the said sum of $243.63, and before action, on the 4th day of March, A. D. 1935, defendant tendered and offered to the plaintiff to pay him the same, and the plaintiff refused to accept it; and the defendant now brings the said $243.63 into Court ready to be paid to the plaintiff."

There was a further plea to the second count denying that defendant wilfully converted or wilfully deprived plaintiff of said goods, and a further plea to the fourth

count denying that defendant wilfully trespassed upon and broke and entered upon the land of the plaintiff or wilfully converted or deprived plaintiff of said goods, or that it had wilfully damaged other property of the plaintiff.

In so far as the pleadings are concerned the main controversy here concerns the sufficiency of the third plea above quoted. The court overruled a motion to strike and a demurrer addressed to each and all of the pleas except the first plea, which was a plea of the general issue. The grounds of the motion to strike and likewise of the demurrer were practically identical. These grounds were (1) that the plea is within the scope of the plea of not guilty, (2) does not present a defense to the declaration or any part thereof; (3) presents an irrelevant issue; (4) presents an immaterial issue, and (5) confesses but does not avoid the count of the declaration to which it is addressed.

The court denied the plaintiff's motion to strike, but sustained plaintiff's demurrer to the fourth and fifth pleas. Thus the case went to trial on the plea of the general issue and the third plea above quoted, the plaintiff having joined issue upon said plea.

A considerable amount of testimony was introduced before the jury by the respective parties. The result of the trial was a verdict and judgment in favor of the defendant; motion for new trial was overruled, and the plaintiff sued out this writ of error.

The evidence introduced by the plaintiff tended strongly to support the plaintiff's case as alleged in the declaration, whereas the evidence introduced by the defendant tended strongly to support the defense alleged in the defendant's first and third plea. Thus the evidence was sharply in conflict on the vital issues in the case and the court below was justified in denying the motion for a new trial, as well as in denying the motion for judgment *non obstante veredicto,*

or for repleader. Nor would this court be warranted to hold the trial court in error in so doing, in spite of the very able and earnest argument which has been made in this court to the effect that the verdict was against the weight of the evidence. When a jury renders a verdict in a contested case where there is a conflict in the evidence on the material issue or issues joined between the parties, it is seldom indeed that an appellate court will set aside the jury's verdict on appeal. It is well settled in this State that the jury are the sole judges of the credibility of the witnesses and the weight of the evidence. In cases where there is a conflict in the evidence, but where there was presented to them substantial evidence which, if believed, would support their verdict, it should not be set aside merely because there was other substantial evidence in the case conflicting therewith. There was no attempt to impeach the character or veracity of any of the witnesses in the case at bar, and the conflict in their testimony was such as only a jury could settle and determine. Of course, when it appears on appeal that there was no substantial evidence to support the verdict of the jury, or if upon the whole evidence the verdict is clearly wrong, or if it appears that the jury were governed in reaching their verdict by something outside of the evidence in the case, a new trial should be granted. See Maxwell v. Agnew, 25 Fla. 154; Glover v. State, 22 D. Fla. 493; Groover v. Hammond, 75 So. 857, 73 Fla. 1155; McClennon v. Wood, 78 Fla. 407, 83 So. 295; Varga v. Marcus Conant Co., 81 Fla. 780, 89 So. 126. A judgment against defendant should be reversed where the evidence is insufficient to establish a material fact necessary to create liability. Florida East Coast Railway Co. v. Wright, 96 Fla. 656, 118 So. 916. A new trial should be granted where the verdict is against the clear weight of the evidence or manifestly contrary to the evi-

dence. Howell v. Blackburn, 100 Fla. 114, 129 So. 341. See also Florida Telephone Corp. v. Wallace, 104 Fla. 566, 140 So. 472.

The third plea of the defendant, as set forth above, is claimed by the plaintiff not to have presented a material issue because it set up in a single plea both leave and license and tender with amends; also that the plea is duplicitous.

Neither the motion to strike nor the demurrer to the third plea raised the question of duplicity. The failure to object to the third plea on this ground, either by motion to strike or for compulsory amendment, or by demurrer, waived any objection to said plea on the ground that it was duplicitous. F. E. C. Ry. Co. v. Anderson, 110 Fla. 290. 148 So. 553. Where two distinct causes of action are embraced in the same count, or two distinct defenses are embraced in the same plea, it renders the count or plea duplicitous, and subject, not to demurrer, but to a motion for compulsory amendment under the statute. Strout Farm Agency v. Hollingsworth, 92 Fla. 673, 110 So. 267; Blue v. Staten, 84 Fla. 274, 93 So. 686. Where a count of a declaration or a plea does not wholly fail to state a cause of action or defense, the court should not sustain a demurrer thereto, or a motion to strike the count or the plea, thus attacked, as a whole. Cooperative etc., Co. v. Shields, 71 Fla. 110, 70 So. 934.

Sections 4332-4333 C. G. L. describe forms of pleas which shall be sufficient in the cases to which they shall be respectively applicable. The statute provides that these forms may be used with such modifications as may be necessary to suit the facts of the case, and that nothing in the statute shall render it erroneous to depart from the letter of such forms, so long as the substance be expressed without prolixity. Under the heading "Pleas in Actions for

wrongs independent of contract," the statute provides among other forms the following:

"Leave and License. That he did what is complained of by the plaintiff's leave."

The third plea starts off with the language thus allowed by the statute and sets up what the defendant contends was the agreement between the parties, which gave defendant leave to enter and pick the oranges, and then goes on to allege the performance by defendant of such agreement and the tender to the plaintiff of the net proceeds of the sale of the fruit. In the case of Simms v. Alford, 219 Ala. 216, 118 So. 395, it is said:

"If consent was given to cut timber to satisfy the saw bill without stipulation as to price, the law intervened and fixed the reasonable value of the timber as the agreed price by implication.

"That consent to the act complained of is a full defense in trespass is well settled. Riddle v. Brown, 20 Ala. 412, 56 Am. Dec. 202 and note; Ellard v. Goodall, 203 Ala. 476, 83 So. 568; 26 R. C. L. page 946, Sec. 21.

"Defendant interposed a special plea of consent to this count. The court sustained a demurrer upon the ground that it was covered by the general issue. In the early case of Finch v. Alston, 2 Stew. & P. 83, 23 Am. Dec. 299, it was declared that evidence of plaintiff's consent to the act complained of is not admissible under the general issue— 'not guilty'—in an action of trespass. Being matter in justification, it must be specially pleaded. This rule was reaffirmed in the late case of Louisville & N. R. Co. v. Bartee, 204 Ala. 539, 86 So. 394, 12 A. L. R. 251. There was error in the ruling on demurrer as to the count in trespass."

In the case of Southern Railway Co. v. Harris, 202 Ala. 262, 80 So. 101, it was held that under the common law,

tender is not available where the action is for unliquidated damages for a conversion of the plaintiff's goods, the amount of which is subject to the jury's discretion. It was also held in that case that where the value of the property was conclusively shown to be subject to fluctuation, it was within the jury's discretion, from the data afforded by the testimony, to ascertain and apply the highest market value of the cotton, which was the property involved in that case, between the date of the conversion and the day of the trial.

But the effect of the third pleas here was in part, to deny that there was any conversion or trespass. It was merely a plea that the defendant did what the declaration charged with the plaintiff's leave or consent, setting forth the manner in which such consent was given, which was by way of a contract or agreement between the parties, and alleging that such agreement was kept and performed by the defendant. Even if the plea was duplicitous, which question it is not necessary to decide, the fact that the court's attention was not called to this, and no objection was made on that ground, until after the verdict was, as above pointed out, a waiver of such objection. Certainly the plea did not present an immaterial issue. Nor was it a plea of disclaimer with tender of amends under section 4328 C. G. L. The plea did not admit that the defendant had committed any trespass whatever, much less that it was negligent or involuntary, which is of the substance of the plea of disclaimer in actions *quare clausum fregit,* as provided for by said Section 4328. See Crandall's Common Law Prac., 137-140.

If the plaintiff had interposed a motion for commpulsory amendment, to require the defendant to strike from the plea the allegation as to tender of the net proceeds, a somewhat different question would be presented, but plaintiff did not do this. Nor did he make any motion to strike any

other portion of the plea. The motion made was to strike the plea as an entirety and was properly denied. In this connection we might observe that it does not appear that tender was intended to be pleaded by the defendant as a substantive defense. It is obvious that the intention of the pleader was to show what the defendant claimed was the agreement between the parties under which the defendant had "leave" and pursuant to which it entered and picked the fruit, a part of which agreement required the payment of the net proceeds to the plaintiff, and incidentally alleged that this agreement was performed. It is therefore extremely doubtful that the third plea could be denominated as a duplicitous plea.

It is further contended that the court erred in charging the jury that the charges made by the plaintiff against the defendant must be proved "to the satisfaction of the jury by the greater weight of the evidence, and that if the evidence does not preponderate in favor of the plaintiff," then their verdict should be for the defendant.

We find no reversible error in this charge, especially when considered in connection with the other charges given by the court. Elsewhere in the charge, the court correctly defines to the jury the meaning of the words "preponderance of the evidence," which had been referred to in a number of the charges. Plaintiff in error objects to the words "to the satisfaction of the jury" as used in said charge, but the court added thereto "by the greater weight of the evidence." Thus the word "satisfaction" did not intensify the proof required to entitle the plaintiff to a verdict when construed in connection with the entire language of the charge. It still left the jury to understand that the plaintiff would be entitled to recover if he proved his case by the "greater weight of the evidence." But usually the jury must be at least reasonably *satisfied,* or in

other words, be able to reach a decision or conclusion, from the weight of the evidence, which would be *satisfactory* to themselves. In order to produce that res'ult, or to carry such conviction to the minds of the jury as would be satisfactory to them, the charge gave them to understand tha<sub></sub> the plaintiff's proof need not be greater than a preponderance, or "greater weight," of the evidence. See Chaffen v. Fries Mfg. Co. (N. C.) 47 S. E. 226; 14 R. C. L. 728-9, 64 C. J. 719-725. Certainly this charge, taken in conjunction with the remaining charges to the jury, is not objectionable.

Plaintiff in error also contends that the court erred in refusing requested instruction No. 6, which dealt with the responsibility of a corporation for the acts of its agents within the real or apparent scope of their authority as such agents; also as to the refusal of requested instruction No. 7, along the same line. Such refus'al to give these charges did not constitute reversible error in this case. There was no controversy between the parties on the question of agency. The agency of J. M. McCord, who represented the defendant in the transaction involved in this case, was nowhere denied, and indeed it is admitted by the third plea interposed by the defendant. This makes' it unnecessary to discuss the question as to whether the second clause of the 5th paragraph of Section 4333 C. G. L. (Cir. Ct. Rule 32) was applicable or not, it being clearly admitted both by the pleadings and the evidence that McCord was acting for the American Fruit Growers, Inc. In this connection, see Smith v. Coleman, 100 Fla. 1707, 132 So. 198.

Nor was there any error in the refus'al to give plaintiff's requested instruction No. 8. It is settled both by court rule and statute that in actions for torts the plea of not guilty shall operate as a denial of the breach of duty or wrongful act alleged to have been committed by the de-

fendant, and not of the facts stated in the inducement. Inducement in a pleading is the statement of matter which is introductory to the principal subject of the declaration or plea and which is necessary to explain or elucidate it. Varnes v. Seaboard Airline Railway Co., 80 Fla. 642, 86 So. 433. That part of the declaration alleging the trespass and conversion could hardly be considered mere induce- ment. The scope of the plea of "not guilty" in actions for trespass to land is set out in Circuit Court rule 34, as fol- lows:

"In actions for the trespass of land, the plea of not guilty shall operate as a general denial that the defendant com- mitted the trespass alleged in the place mentioned, but not as a denial of the plaintiff's right of possession of that place, which, if intended to be denied, must be traversed specially."

I find no reversible error in the record and think that the judgment of the court below should be affirmed.

WHITFIELD, J., concurs.

ELLIS, C. J.—I adhere to the original opinion in. this case. I discovered nothing in the oral argument or in the briefs submitted affecting the basic principles of the origi- nal opinion.

The action was an action *ex delicto*. The third plea sought to inject into the proceedings the question of a breach of contract and tender of amends. The verdict being for the defendant the judgment could only follow that verdict which was that the plaintiff take nothing by his plaint, which, of course, means that he recovers nothing because of the tort of which he complained and such was the judgment entered. Yet it is perfectly apparent from the pleadings and the evidence in this case that the jury may have been influenced by first, the existence of a con-

tract *vel non;* secondly, whether the oranges were sold at the best price under that contract, and third, whether a tender had been made of the amount realized from the sale of the oranges less ordinary expenses and whether there was a tender of such amount in court. So far as the judgment in this case is concerned, the defendant may withdraw the money which it has put into court, which it could not do if the plaintiff had brought an action *ex contractu* and the pleas had been as they were.

· Rehearing denied.

TERRELL, BUFORD and CHAPMAN, J. J., concur.

WHITFIELD, and BROWN, J. J., dissent.