CARROLL, DONALD K., Judge.
The defendant in an action for trespass to land and conversion of trees has appealed from a final judgment entered by the Circuit Court for Volusia County, based upon a jury verdict.
The principal question before us in this appeal is whether the evidence at the trial was legally sufficient to support the jury’s award to the plaintiff of $6,500 damages under the established rules for the admeasurement of damages in cases of trespass and conversion.
The plaintiff alleged in his amended complaint, and presented evidence at the trial from which the jury could reasonably find, that during the latter part of 1959 certain woodsmen, hired for that purpose by an agent of the defendant, wrongfully entered *800 upon a 40-acre tract of land owned by the plaintiff, cut a number of trees thereon, removed them therefrom, and converted them to the defendant’s use and benefit.
The first count of this complaint sounded in trespass and alleged that as a result of the trespass the plaintiff’s land was greatly and permanently damaged and depreciated in value. In his second count the plaintiff claimed damages for the conversion of the trees.
While the testimony at the trial was in conflict on the issue of the defendant’s liability for the trespass and conversion, such conflict was resolved by the jury, the triers of the facts, finding against the defendant on that issue. We cannot say the same, however, regarding the jury’s finding that the plaintiff was entitled to damages in the amount of $6,500 for the trespass and conversion, for there was insufficient evidence to support such an award under the applicable rules of damages.
The rules for the admeasurement of damages in actions for trespass and trover have long been established in this state.
In Florida, as in most common law states, the measure of damages for trespass to lands, or trespass quare clausum fregit (as the old form of action was called), is the difference in the value of the land before and after the trespass. See Gasque v. Ball, 65 Fla. 383, 62 So. 215 (1913) and Aetna Casualty & Surety Co. v. Hanna, 224 F.2d 499, 53 A.L.R.2d 1125 (U. S. Court of Appeals for Fifth Circuit, 1955). This measure of damages was applied by the Supreme Court of Florida in a case involving the cutting of trees, National Rating Bureau, Inc. v. Florida Power Corp., 94 So.2d 809, 64 A.L.R.2d 859 (1957), in which the Supreme Court said that the “measure of damages, if any damages were incurred by plaintiffs, would be the depreciation in value of the land as a result of the cutting of the trees.”
The rule as to the measure of damages in trover, or conversion, is equally well-established. In trover (the name of the action at common law) the measure of damages is “the value of the goods at the time and place of conversion * * Garrett v. American Fruit Growers, Inc., 135 Fla. 398, 186 So. 269 (1938).
A modification of this latter rule, however, has been recognized in cases where the defendant is a willful trespasser. In Pettigrew v. W & H Development Co., 122 So.2d 813, 84 A.L.R.2d 787 (1960), the District Court of Appeal, Second District of Florida, said:
“The general rule, as to damages in trover, is the value of property at the time and place of conversion, with legal interest to the date of the verdict, unless the defendant is a wilful trespasser, in which event the measure of damages is the full value of the property at the time and place of demand or of suit brought. Robinson v. Hartridge, 13 Fla. 501; Skinner v. Pinney, 19 Fla. 42; West Yellow Pine Co. v. Stephens, 80 Fla. 298, 86 So. 241; Shaw v. Saunders, 79 Fla. 846, 85 So. 162, and Wright v. Skinner, 34 Fla. 453, 16 So. 335."
Turning to the trial record, we find no evidence upon which the jury could have based an assessment of damages for the trespass to the plaintiff’s land under the above rule for measuring damages for trespass. No one testified as to the value of the land before and after the trespass. While the plaintiff testified that he purchased the land, a 40-acre tract, for $6600 two years before the trespass, such testimony alone, of course, is not sufficient to show the value of his land at or about the time of the trespass. Similarly insufficient is other testimony as to the figure at which he had indicated a willingness to sell the land.
The plaintiff’s chief witness on the question of the damages resulting from the conversion of the trees was one John E. Hudson, a private consulting engineer, who had made a survey of the plaintiff’s land *801 about five months after the trespass and conversion. He noted each stump that had been cut on the said land and tallied 122 trees in the saw log class, or 14,015 feet of saw timber, for which he gave a saw mill stumpage price of $37.50 per thousand, for a total of $525.66. He also tallied 95 trees in the pulpwood class for a total of 14.41 cords of pulpwood, worth $108.08.
Near the end of his direct examination Hudson was interrogated concerning his estimate of the age and replacement cost of the trees that, had been cut on the plaintiff’s land. He testified that the average age of those trees was 67 years and that to replace them the same period of time would be required. He further said that planting the trees would cost about $12.50 or $13 an acre and “then you would have your taxes and the use of your land for that period of time * * Fire protection would also be required. He was not, however, familiar with the taxes or the general price of land in the area in question. He concluded his testimony by saying that replacing the trees “would cost quite a bit” and that the value of the trees in replacement cost was not necessarily the same as what the market price was at the time of the cutting.
A good speculation would seem to be that the jury based its finding of damages upon the testimony of Hudson paraphrased above, particularly in view of the fact that the trial court, after correctly instructing the jury concerning the established rules for measuring damages for trespass and conversion, added that the jury “should consider the probable consequences of the defendant’s actions which included damage for restoring plaintiff’s property to its original status.” In giving this charge the court presumably did not have in mind Hudson’s testimony about the 67 years required to restore the trees, but the jury may well have so applied the instruction.
We know of no authority for the instruction as to damages for restoring property in trespass or conversion under circumstances like those shown here. Nor does it appeal to us as just or reasonable.
The evidence at the trial being legally insufficient to support the amount of damages awarded in the jury verdict, the final judgment is reversed and the cause remanded for a new trial on the sole issue of damages.
Reversed and remanded.
STURGIS, C. J,, and WIGGINTON, J., concur.