**CLEO C. WATSON and NETTIE WATSON, a widow, v. LEO C. JONES and HELEN CHOATE JONES, his wife.**

36 So. (2nd) 788                                      June Term, 1948
July 23, 1948                                                 Division B
Rehearing denied October 1, 1948

*Tillman & McEwen* and *Albert D'Arpa,* for appellants.
*Fowler, White, Gillen, Yancey & Humkey,* for appellees.

ADAMS, J.:

Appellee recovered a judgment against appellant for the wrongful cutting of pine trees.

The first question argued on this appeal is:

"In an action seeking damages to land by the wrongful cutting of pine trees therefrom, is the true measure of damages the injury done to the land to be used for a specific purpose, namely, the erection and running of a tourist camp and trailer park, or is the true measure of damages the difference in market value for any purpose before and after the cutting."

The declaration claimed special damages in that it charged the cutting and removal of 97 pine trees, leaving the stumps and debris; that the property had been acquired for a tourist and trailer park; that the trees had a peculiar value for ornament and shade; that considering the alleged use of the property it had depreciated from $7500.00 to $4000.00 by reason of the cutting. The jury found a verdict of $3500.00. On motion for a new trial the trial court granted a remittitur of $1000.00 in lieu of a new trial. Plaintiff entered the remittitur and defendant has appealed contending that the $2500.00 is excessive.

The general rule is stated in 15 Am. Jur., page 528, Sec. 119:

"In some jurisdictions the measure of damages for the destruction of shade, ornamental, or fruit trees, is the difference in the value of the land before and after their destruction. . . . "

In 161 A.L.R., page 598, it is stated:

"By the great weight of authority the proper measure of damage for the destruction of or injury to ornamental or shade trees and shrubs is the difference in the value of the property immediately before and immediately after the act complained of, or the amount of depreciation. With a certain elasticity suitable to circumstances and the introduction of evidence relevant to actual loss, not permitting duplication in recovery for any item of damage, . . . "

In 161 A.L.R., page 602:

"In certain cases, upon proof of the use or contemplated use of land or shade trees thereon for a particular purpose for which the property has been fitted or kept, it has been held that the rule that the measure of damage is the difference in value before and after the trespass should be construed or extended to allow recovery for such elements. . . . "

We cite with approval Barker v. Lewis Storage & Transfer Company, 78 Conn. 198, 61 A. 363, 3 Ann. Cases 889; Barker v. Missouri Pac. Ry. Co., 94 Kan. 61, 145 Pac. 829.

We quote with approval from Gilman v. Brown, 115 Wis. 1, 91 N.W. 227:

" . . . It must not be forgotten that recovery in trespass is always based upon a wrongful invasion of the plaintiff's rights, and that the rule of damages adopted should be such as to more carefully guard against failure of compensation to the injured party than against possible overcharge upon the wrongdoer. An owner of real estate has a right to enjoy it according to his own taste and wishes, and the arrangement of buildings, shade trees, fruit trees, and the like may be very important to him, may be the result of large expense, and the modification thereof may be an injury to his convenience and comfort in the use of his premises which fairly ought to be substantially compensated, and yet the arrangement so selected by him might be no considerable enhancement of the sale value of the premises, it might not meet the taste of others, and the disturbance of that arrangement, therefore, might not impair the general market value. Hence it is apparent that while the owner may be deprived of something valuable to him, for which he would be willing to pay sub-

stantial sums of money or which might have cost him substantial sums, yet he might be wholly unable to prove any considerable damages merely in the form of depreciation of the market value of the land. The owner of property has a right to hold it for his own use as well as to hold it for sale, and if he has elected the former he should be compensated for an injury wrongfully done him in that respect, although that injury might be unappreciable to one holding the same premises for purposes of sale. . . . "

In the case at bar the plaintiff pled the nature and extent of his injury and damage. We find sufficient evidence to sustain the verdict of $2500.00.

Appellant argues that the judgment should be reversed for a new trial because the jury reached its verdict in ten minutes and the trial court in fact disapproved the verdict by the act of reducing it to $2500.00. We have duly considered this contention, but in the light of the whole record we cannot say that the ruling of the trial court was clearly erroneous.

All other questions have been duly considered and found without merit. The judgment is affirmed.

Affirmed.

THOMAS, C.J., BARNS, and HOBSON, JJ., concur.