172 So.2d 643 (1965)
James E. ELOWSKY and Angela Frances Elowsky, husband and wife, Appellants,
v.
GULF POWER COMPANY, a corporation, and D.H. Matthews, doing business as Matthews Tree Surgery Company, Appellees.
No. F-96.
District Court of Appeal of Florida. First District.
March 16, 1965.
Cummings & Tarbuck, Pensacola, for appellants.
Frank C. Bozeman, of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellees.
STURGIS, Chief Judge.
Appellants, successful plaintiffs below, appeal from an order requiring them to enter a remittitur of $300.00, otherwise granting a new trial on the issue of damages.
Plaintiffs' amended complaint against Gulf Power Company and D.H. Matthews, d/b/a Matthews Tree Surgery Company, charged that on or about August 20, 1962, *644 the defendants encroached upon plaintiffs' real property and without their consent severed a tree therefrom; that plaintiffs' real property was thereby reduced in value to the extent of $300.00; and that in addition to said damage plaintiffs were thereby also deprived of the ornamental value of said tree and of its use for shade purposes, for all of which they claimed damages.
The tree was located directly on plaintiffs' residence property line with that of their neighbors, Mr. and Mrs. Dedakis, at whose instance defendant Gulf Power Company procured the services of defendant Matthews Tree Surgery Company to remove the tree.
At the trial it was established that James E. Elowsky, a party plaintiff, was a city policeman who at regular intervals worked a night shift necessitating that he sleep during daylight hours; that the tree shaded and cooled his bedroom during the afternoon of such sleep and that since its severance he has had difficulty in sleeping due to the increased heat. It was also established that the removal of the tree reduced appellants' property in value approximately $200.00.
The jury returned a $500.00 verdict for the plaintiffs. Defendants moved for judgment N.O.V. or for a new trial and the court entered the order appealed, reading in pertinent part:
"* * * The Court gave the following instruction:
"`Also, in considering the question of damages the Court instructs the Jury that the owner of property has the right to enjoy it according to his own tastes and wishes, so that the taking of a tree may deprive him of convenience and comfort in the use of his land, for which he is entitled to be compensated, although the felling of the tree might not generally diminish the market value of the property. Therefore, if you find from the evidence that the tree alleged to have been severed or cut by the defendants, or either of them, was severed under such circumstances as entitled the plaintiffs to damages, and if you further find from the evidence that the plaintiffs were deprived of the convenience and comfort of the tree, in the use of their property, you should take such factors into consideration in fixing the amount of damages to which they are entitled, and allow a reasonable amount for such inconvenience or discomfort.'
under the erroneous impression that the jury might award such additional damages by reason of Watson v. Jones, [160 Fla. 819] 36 So.2d 788. The giving of this instruction was error, resulting in an excessive verdict, for the proper measure of damages in a trespass action as again announced in the most recent case of Nilsson vs. Hiscox, Dist.Ct. of App., 1st Dist. [158 So.2d 799], Opinion filed December 10, 1963, is the depreciation of the land `as a result of the cutting of the trees' (National Rating Bureau vs. Florida Power Corporation, [Fla.,] 94 So.2d 809 [64 A.L.R.2d 859]).
"There is competent evidence in the record indicating the market value of the property was depreciated by $200.00 by the cutting of the tree."
On that basis it was ordered that unless the plaintiffs entered a remittitur of $300.00, a new trial was granted upon the issue of damages alone.
Nilsson v. Hiscox, 158 So.2d 799 (Fla. App. 1963), is clearly distinguishable from the case on review. In Nilsson it was alleged and established that the defendant wrongfully entered upon plaintiffs' unimproved land and removed a number of trees. Nilsson sought damages for trespass and by a separate count sought damages for conversion of the trees. There was no evidence establishing, as in this case, loss or injury due to factors other than the depreciated *645 value of the land occasioned by the wrongful cutting of the trees. We reversed a jury verdict of $6,500.00 on the ground that the evidence was insufficient to support that award. Thus we were not confronted in Nilsson with facts on the issue of damages comparable to those in the instant appeal. We are here concerned not only with the reduction in value of the land resulting from removal of the tree, but also with the loss of the ornamental value and creature comforts provided by the tree to the occupants and owners as an adjunct to the full enjoyment of their dwelling house located on the premises. The latter factors constitute property rights of substantial importance, separate and apart from the isolated value of the tree itself as part of the realty.
Our decision in Nilsson did not depart from the rule of the Florida Supreme Court in Watson v. Jones, 160 Fla. 819, 36 So.2d 788 (1948). In that case Jones recovered a judgment against Watson for the wrongful cutting of pine trees on property acquired for a tourist and trailer park. The trees had a peculiar value for ornament and shade. In discussing the measure of damages, the court quoted with approval from Gilman v. Brown, 115 Wis. 1, 91 N.W. 227, 229:
"It must not be forgotten that recovery in trespass is always based upon a wrongful invasion of the plaintiff's rights, and that the rule of damages adopted should be such as to more carefully guard against failure of compensation to the injured party than against possible overcharge upon the wrongdoer. An owner of real estate has a right to enjoy it according to his own taste and wishes, and the arrangement of buildings, shade trees, fruit trees, and the like may be very important to him, may be the result of large expense, and the modification thereof may be an injury to his convenience and comfort in the use of his premises which fairly ought to be substantially compensated, and yet the arrangement so selected by him might be no considerable enhancement of the sale value of the premises, it might not meet the taste of others, and the disturbance of that arrangement, therefore, might not impair the general market value. Hence it is apparent that while the owner may be deprived of something valuable to him, for which he would be willing to pay substantial sums of money or which might have cost him substantial sums, yet he might be wholly unable to prove any considerable damages merely in the form of depreciation of the market value of the land. The owner of property has a right to hold it for his own use as well as to hold it for sale, and if he has elected the former he should be compensated for an injury wrongfully done him in that respect, although that injury might be unappreciable to one holding the same premises for purposes of sale."
We adhere to that statement of the law.
The evidence in this cause is sufficient to support the award of $500.00 damages and it was error to require the remittitur. The order appealed is hereby vacated and this cause is remanded with directions to enter final judgment for plaintiffs in accordance herewith.
Reversed and remanded with directions.
WIGGINTON and CARROLL, DONALD K., JJ., concur.