329 So.2d 35 (1976)
Julius FISKE, Appellant,
v.
Mae D. MOCZIK and the Palms Nursery & Landscaping Company, Inc., a Florida Corporation, Appellees.
No. 75-1016.
District Court of Appeal of Florida, Second District.
March 26, 1976.
*37 B. Clarke Nichols, of Vega, Brown & Nichols, Naples, for appellant.
Mark S. Roth, Miami Beach, for appellee Moczik; and Jackson L. Boughner, Naples, for appellee Palms Nursery & Landscaping Company, Inc.
SCHEB, Judge.
This appeal focuses primarily on the question of the proper measure of damages to be assessed against the appellee/defendant Nursery for unauthorized removal of palm trees from land owned by the appellant/plaintiff Fiske.
On August 10, 1972, Mrs. Moczik sold the appellee Nursery some palm trees growing on land where she lived. The contract price was $50 per tree; however, the contract did not specify any date for their removal. In fact, the property was owned by a partnership in which Mrs. Moczik was a limited partner and there were recorded documents which evidenced that she was without authority to sell any of the partnership's real estate. On September 19, 1972, the partnership contracted to sell a portion of the land to the plaintiff Fiske who closed his purchase on August 20, 1973. While there is some conflict as to exactly when the trees were removed, Fiske claimed and there is evidence from which the court found a total of 55 trees were taken from Fiske's property after he bought the land. Fiske sued the Nursery for damages and the Nursery, in turn, brought Mrs. Moczik in as a third party defendant. She then counterclaimed against the Nursery for its failure to promptly remove the trees.
The trial court, sitting as a trier of fact, found that Mrs. Moczik had no legal authority to sell the trees and on the issue of damages held:
"7. Testimony in the case failed to establish by competent evidence that the land was depreciated in value by the removal of the trees. Ragaland (sic) vs. Clarson, [Fla.App.] 259 So.2d 757. The only evidence at trial concerned value predicated on replacement value of coconut palm trees. The measure of damage if any, is the deprivation of convenience and comfort in the use and enjoyment of the property.
8. That Florida Statute 821.221, second paragraph, is applicable to the case at hand because Palms Nursery & Landscaping Company, Inc. had probable cause to believe the entry was lawful.
9. Fiske is awarded compensatory damages in the sum of $1,500.00 and is under Florida Statute 821.221, awarded an additional $1,500.00 making a sum total of $3,000.00."
We affirm the trial judge's findings that the defendant Moczik had no authority to sell and the defendant Nursery was without authority to remove 55 palm trees from the plaintiff's land. However, we reverse as to his determination of compensatory damages and his finding that double damages were recoverable pursuant to Fla. Stat. § 821.221, supra.
Generally, it has been held that the measure of damages for removal of ornamental trees is the difference in value of the property immediately before and after the taking. Watson v. Jones, 1948, 160 Fla. 819, 36 So.2d 788; National Rating Bureau v. Florida Power Corp., Fla. 1956, 94 So.2d 809; Elowsky v. Gulf Power Co., Fla.App.1st 1965, 172 So.2d 643; Annot., 69 A.L.R.2d 1335, 1366 (1960). In addition, where reduction in market value is an inadequate measure of damages, these cases hold the court may also allow recovery for loss of personal value to the owner.
Some authorities even suggest that the proper measure of damages is to look directly to the value of the trees themselves. *38 Thus, it has been held that if property on the land is injured or destroyed, the measure of damages is the value of the property injured or destroyed. Atlantic Coast Line R. Co. v. Saffold, 1938, 130 Fla. 598, 178 So. 288. One case suggests that the measure of damages for removal of trees depends on the cause of action, with the damages for trespass being the decrease in the market value of the land, and the damages for conversion being the value of the trees. Nilsson v. Hiscox, Fla.App.1st 1963, 158 So.2d 799. Still another authority suggests the measure of damages depends upon whether the thing destroyed has a value independent of the realty on which it stands or grows. 9A Fla.Jur., Damages, §§ 67, 70 (1972). See Dowling Lumber Co. v. King, 1912, 62 Fla. 151, 57 So. 337.
Ragland v. Clarson, Fla.App.1st 1972, 259 So.2d 757, on which the trial judge predicated his ruling on damages, involved a claim against a surveyor who in the course of surveying Ragland's lands, had cut plants and trees in an open field. There, the plaintiff contended he was entitled to introduce evidence as to the "replacement" value of the plants and trees which had been destroyed. The First District disagreed with the plaintiff, but did approve that part of the trial judge's instructions allowing recovery for deprivation of the convenience and comfort in the use of the plaintiff's land, even though such destruction did not generally diminish the market value of the land. We do not quarrel with the opinion in Ragland as relates to the facts there. But, there is a significant difference between one cutting down plants in an open field and removing valuable palm trees from an owner's land. The latter will certainly cause a decrease in market value of the land, and to hold that the owner can recover only for loss of comfort and convenience, and not for the value of the trees would allow one to profit by conversion of trees with the land owner entitled to only a minimal award of damages. Hence, reliance on Ragland was error.
Regardless of whether the damages here are computed by loss of value of the land, as held in Watson, or by the value of the trees themselves, as suggested by other authorities, the proper measure of Fiske's recovery against the Nursery ought to be at least the reasonable cost of replacing the trees which the Nursery removed from his property since replacement in kind is feasible.
The only expert testimony in this case was that of a real estate broker who testified that the loss of market value of the property was the value of the trees. This testimony reflected a common sense approach and was never contradicted by appellees. And the fact that escalating land values allowed Fiske to sell a portion of the land for a substantial profit some time after the removal was of little probative value, since the measure of damages is the difference in value immediately before and after the removal of the trees. The uncontradicted testimony of the broker established that the replacement value of the trees was the controlling factor and evidence revealed the retail replacement cost of like trees to be between $125 and $300 per tree. The minimum verdict for the plaintiff Fiske should have been 55 X $125 or $6,975, although we recognize the evidence before the trial court would have sustained a judgment up to $15,750, or even higher if the court accepted the plaintiff's own testimony on value.
The evidence further revealed Mrs. Moczik responded to a newspaper advertisement placed by the defendant Nursery which was seeking to purchase palm trees. Mrs. Moczik was in actual possession of the land from which she contracted to sell the trees to the Nursery. And, while it is true that recorded legal documents gave constructive notice that she had no right to sell, we think Fla. Stat. § *39 821.221[1] was intended to create a penalty against trespassers who wrongfully enter upon another's land and that it has no applicability to a situation where, as here, the Nursery in good faith purchased trees from one in possession of the property where the trees were growing. Certainly Mrs. Moczik, being a co-owner of the property, would not be amenable to double damages under this statute if she had removed the trees herself. The statute, being punitive in nature, must be strictly construed. Lollie v. General American Tank Storage Terminals, 1948, 160 Fla. 208, 34 So.2d 306. It is obviously designed to penalize an intentional wrongdoer and should not be directed against legitimate businesses dealing with parties in actual possession, even though they imprudently failed to check the legal records concerning the right of such possesser to sell trees from the lands they occupy.
The defendant Nursery is entitled to the benefit of the good faith bargain it made with Mrs. Moczik to buy the trees for $50 per tree. Therefore, as a third party defendant, she may be held liable to the defendant Nursery for any sums, in excess of that amount, it may be forced to pay the plaintiff. In view of the court's holding that Mrs. Moczik had no authority to sell, her counterclaim that the Nursery failed to promptly remove the trees does not present any viable issue.
We affirm the trial judge's findings that the defendant Mrs. Moczik was without authority to sell the trees and that the defendant Nursery removed 55 trees from the plaintiff Fiske's land without proper authority. We reverse on the issue of damages and remand to the trial court with directions to hold a new trial to hear evidence as to the replacement cost of the trees removed from the plaintiff's property and to render judgment accordingly for Fiske, and to assess against Mrs. Moczik damages the defendant Nursery incurs over and above the price of them in the contract between her and the Nursery.
McNULTY, C.J., and BOARDMAN, J., concur.
NOTES
[1] Fla. Stat. § 821.221 (1973), repealed, Ch. 74-383, § 66, effective July 1, 1975, provided:

"Whoever wrongfully enters upon, or causes to be entered upon the land or lands of another and severs, cuts, chips, saws, chops, scrapes, turpentines, girdles, kills or otherwise damages or removes any timber, tree, or forest products, standing, lying or growing upon said land, without the consent of the legal owner, shall be liable to the owner in an action at law for damages in an amount equal to three times the sum which would compensate the owner for the actual damage suffered by the lawful owner.
Provided, however, that where the wrongful entry was involuntary, or the defendant in an action brought under this act had probable cause to believe that the entry upon such land was lawful, then the measure of damages shall be two times the sum which would compensate the owner for the actual damage suffered by the lawful owner... ."