PER CURIAM.
The appellant appeals from a final money judgment entered in favor of the appellee following the appellant’s unauthorized taking of timber from land owned by the appellee. Except as to the amount of damages awarded, we affirm the judgment.
We agree with the appellant’s argument that the trial court erred in awarding as damages the diminution in value of the property, rather than the value of the timber. While the diminution in value of the property may be recoverable in appropriate cases, see, e.g., Watson v. Jones, 36 So.2d 788 (1948); Fiske v. Moczik, 329 So.2d 35, *433 37-38 (Fla. 2d DCA1976); in this case the appellee never pled or raised as an issue such a theory of recovery. The appellee filed an amended three count complaint in which he sought as damages the fair market value of the timber and the costs of reforestation. Although the appellee gave limited testimony at trial regarding diminution in value of the property, that testimony was never tied into any prayer for damages on that basis. We thus conclude that the trial court erred in awarding as damages the diminution in the value of the property. Based on the trial testimony, the judge found the fair market value of the timber to be $29,050 and the costs of reforestation to be $16,851. We therefore reverse the damage award and remand for an award of damages in the amount of $45,901, plus interest, see Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985).
Affirmed in part, reversed in part, and remanded.
ALLEN, WOLF and KAHN, JJ., concur.